**QUINTAIROS, PRIETO, WOOD & BOYER, P.A.**
Michael Ayers, Esq. (NV Bar No.10851)
michael.ayers@qpwblaw.com
Alia A. Najjar, M.D., Esq. (NV Bar No. 12832)
Alia.najjar@qpwblaw.com
3740 Lakeside Drive, Ste. 202
Reno, Nevada 89509
Telephone: 775-322-4697
Facsimile: 775-322-4698
*Attorneys for Defendant*
*HARRIS & HARRIS, LTD.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| HUNTER CHURCH, individually and on behalf of those similarly situated; LUDWIG LAUDENCIA, individually and on behalf of those similarly situated; JEREMY GYRON, individually and on behalf of those similarly situated; JESSICA BELTRAN, individually and on behalf of those similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> HARRIS & HARRIS, LTD., a foreign corporation; DOES I-V, inclusive; and ROE BUSINESS ENTITIES I-V, inclusive, <br><br> Defendant. | Case No. <br><br> **NOTICE OF REMOVAL** |

Defendant HARRIS & HARRIS, LTD, by and through its undersigned counsel, and for its Notice of Removal pursuant to 28 U.S.C. §1441(a) and 1446 ("Notice"), and in support thereof, states as follows:

## I.      STATE COURT ACTION.

1.      On or about February 14, 2024, Plaintiffs filed an action in the District Court for Clark County, Nevada, which was captioned *Hunter Church et al. v. Harris & Harris, Ltd. et al.*, and docketed at Case No. A-24-887131-C (the "State Court Action"). A copy of the State Court Action Complaint ("Complaint") is attached hereto as Exhibit A.

NOTICE OF REMOVAL - 1

2.       The Complaint asserts injuries allegedly sustained by Plaintiffs at paragraphs 1, 33, 50-52, 65-67, 79-81 and 93-95. *Id.*

3.       On February 15, 2024, Plaintiffs issued a Summons; the Summons and Complaint were not served upon Defendant as of the date of this Notice. A copy of the Summons is attached as Exhibit B.

4.       Plaintiffs also filed on February 15, 2024, a Motion to Certify Class, which the Court set for a hearing on April 2, 2024. A copy of the Motion to Certify Class is attached hereto as Exhibit C, and the Notice of Hearing is attached hereto as Exhibit D.[1]

5.       As set forth more fully below, this action is properly removed to the United States District Court for the District of Nevada pursuant to 28 U.S.C. §§ 1441 and 1446 and the procedural requirements for timely removal are satisfied pursuant to 28 U.S.C. § 1446(b) because it is filed within thirty (30) days after service of the Summons and Complaint. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999).

## II.       REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 15 U.S.C. § 1692 *et seq.*

6.       The Complaint asserts a federal cause of action against Defendant for purported violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq. See* Complaint, paragraphs 72-85, Ex. A.

7.       The United States District Court for the District of Nevada has jurisdiction over Plaintiffs' FDCPA claim due to the fact that the allegations against Defendant contained in the Complaint arise under the Constitution, laws or treaties of the United States. 28 U.S.C. § 1331.

8.       Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over the remaining claims and allegations. These other claims and allegations are so related to the FDCPA

---

[1] Pursuant to Local Rule 81-1, Plaintiffs' Motion to Certify Class is automatically denied without prejudice.

claims that they form part of the same case and controversy under Article III of the U.S. Constitution.

9.      The United States District Court for the District of Nevada embraces the locality in which the State Court Action is now pending, making this Court the proper forum pursuant to 28 U.S.C. § 1441(a).

10.     Further, 28 U.S.C. §1441(b) provides as follows:

> (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought.

### III.    ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATIFIED.

11.     This Notice was filed with the Clerk of the United States District Court within thirty (30) days after service of the Summons and Complaint upon Defendant. 28 U.S.C. § 1446(b).

12.     No previous application has been made for the relief requested herein.

13.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Plaintiffs and a copy will promptly be filed as an attachment to a Notice in the State Court Action.

14.     If any question arises regarding proprietyof this removal action, Defendant respectfully requests the opportunity to present briefing and/or oral arguments in support of its position that the case is removable.

/ / /

/ / /

/ / /

/ / /

NOTICE OF REMOVAL - 3

1

**IV.    CONCLUSION.**

2       For all the foregoing reasons, the State Court Action may be removed to the United States

3   District Court for the District of Nevada, the federal district court for the district and division

4   embracing Clark County. 28 U.S.C. § 1441(a). Defendant HARRIS & HARRIS, LTD.

5   respectfully requests that this case proceed in this Court as an action properly removed to it.

6       DATED this 15th day of March, 2024.

7                                    **QUINTAIROS, PRIETO, WOOD**
                                    **& BOYER, P.A.**
8

9                            By:    /s/ Michael Ayers
                                    Michael Ayers, Esq.
10                                   Alia Najjar, Esq.
                                    Jose Rivera, Esq.
11                                   3740 Lakeside Dr., Ste. 202
                                    Reno, Nevada 89509
12                                   Attorneys for Defendant
                                    HARRRIS & HARRIS, LTD.
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL - 4

## CERTIFICATE OF SERVICE

I certify that I am an employee of QUINTAIROS, PRIETO, WOOD & BOYER, P.A., and that on this date, pursuant to FRCP 5(b), I served the **NOTICE OF REMOVAL** on the parties set forth below via the Court's CM/ECF filing/service system:

Scott M. Holper, Esq.
LAW OFFICES OF SCOTT M. HOLPER
3175 S. Nellis Blvd., Ste. A
Las Vegas, NV 89121
*Attorneys for Plaintiffs*

Dated:  March 15, 2024.

                    */s/ Christine L. Miller*
                    An Employee of QUINTAIROS,
                    PRIETO, WOOD & BOYER, P.A.

NOTICE OF REMOVAL - 5

# INDEX OF EXHIBITS

| Exhibit No. | Exhibit Description | No. of Pages |
|---|---|---|
| A | Class Action Complaint | 21 |
| B | Summons | 2 |
| C | Motion to Certify Class | 8 |
| D | Notice of Hearing | 1 |

NOTICE OF REMOVAL - 6

# EXHIBIT A

# EXHIBIT A

Electronically Filed
02/14/2024

*[signature]*
CLERK OF THE COURT

1   SCOTT M. HOLPER, ESQ.
2   Nevada Bar No. 9587
    LAW OFFICES OF SCOTT M. HOLPER
3   3175 S. Nellis Blvd., Ste. A
4   Las Vegas, Nevada 89121
    Tel: (702) 366-0911
5   Fax: (702) 333-1196
6   Scottholperlaw@gmail.com
7   Attorney for Plaintiff

8                          **DISTRICT COURT**

9                     **CLARK COUNTY, NEVADA**

10
11  HUNTER CHURCH, individually and on      )   CASE NO.:   **A-24-887131-C**
    behalf of those similarly situated; ISLAS  )                **Dept 16**
12  AGUILAR, individually and on behalf of   )   DEPT. NO.:
    those similarly situated; LUDWIG         )
13  LAUDENCIA, individually and on behalf of )
    those similarly situated; JEREMY GYRON,  )
14  individually and on behalf of those similarly )
15  situated; JESSICA BELTRAN, individually  )
    and on behalf of those similarly situated, )
16                                            )   **CLASS ACTION COMPLAINT**
                         Plaintiffs,          )
17                                            )
                                              )
18  vs.                                       )
                                              )
19  HARRIS & HARRIS, LTD., a Foreign          )
    Corporation; ; DOES I-V, inclusive; and ROE )
20  BUSINESS ENTITIES I-V, inclusive,         )
                                              )
21                                            )
                         Defendants.          )
22

23          Plaintiffs, individually and on behalf of all those similarly situated, allege the following

24  upon information and belief, except as to those allegations concerning Plaintiffs, which are

25  alleged upon personal knowledge.

26

27  . . .

28  . . .

                                              1

# I.

## INTRODUCTION

1. Plaintiffs bring this action as a class action on behalf of themselves and on behalf of all persons who suffered emotional distress as a result of receiving collection letters and robo calls from Defendant HARRIS & HARRIS, LTD.

2. Defendant HARRIS & HARRIS, LTD. is a third (3rd) party collection agency pursuant to NRS 649.020 which defines a collection agency as: "all persons engaging, directly or indirectly, and as a primary or a secondary object, business or pursuit, in the collection of or in soliciting or obtaining in any manner the payment of a claim owed or due or asserted to be owed or due to another."

3. The Fair Debt Collection Practices Act prohibits false or misleading representations including the implication that that the nonpayment of any debt will result in the arrest or imprisonment of any person.

4. The Nevada Deceptive Tade Practices Act which is codified as NRS Chapter 598 prohibits anyone from knowingly making a false statement.

5. The damage suffered by Plaintiffs was wrought by Defendant HARRIS & HARRIS, LTD., who violated the Fair Debt Collection Practices Act and engaged in a Deceptive Trade Practice by:

    a. Knowingly making a false representation as to affiliation, connection, association with or certification by the Las Vegas Justice Court;

    b. Knowingly making a false representation in writing which states: "a warrant has been issued against you and unless you resolve this balance in full, you are subject to arrest if you are stopped by law enforcement for any reason": and

    c. Within the course of his/her business or occupation, he/she disseminates an unsolicited prerecorded message to solicit a person to pay by telephone and he/she does not have a preexisting business relationship with the person being called.

2

    d. Within the course of his/her business or occupation, he/she disseminates an unsolicited pre-recorded message which knowingly makes a false representation stating: "a warrant has been issued against you and unless you resolve this balance in full, you are subject to arrest if you are stopped by law enforcement for any reason."

6. Upon information and belief, Defendant HARRIS & HARRIS, LTD., generated letters bearing the name of the Las Vegas Justice Court which advised the recipient(s) of the following: "a warrant has been issued against you and unless you resolve this balance in full, you are subject to arrest if you are stopped by law enforcement for any reason."

7. Upon information and belief, the letters generated by Defendant HARRIS & HARRIS, LTD., and bearing the name of the Las Vegas Justice Court, indicates a contact/phone number of (844) 457-9630 which is the phone number for Defendant HARRIS & HARRIS, LTD.

8. Upon information and belief, the phone number for the Las Vegas Justice Court is (702) 671-3199.

9. As a direct result of Defendants' Deceptive Trade Practice, twelve thousand three-hundred and seventy-four (12,374) collection letters were sent by Defendant HARRIS & HARRIS, LTD. which stated: "a warrant has been issued against you and unless you resolve this balance in full, you are subject to arrest if you are stopped by law enforcement for any reason."

10. As a direct result of Defendants' Deceptive Trade Practice, five-hundred and seventy-one (571) robo calls were made by Defendant HARRIS & HARRIS, LTD. which stated: "a warrant has been issued against you and unless you resolve this balance in full, you are subject to arrest if you are stopped by law enforcement for any reason."

11. Upon information and belief, Defendant HARRIS & HARRIS, LTD., had

3

1  knowledge that the Las Vegas Justice Court had not issued any bench warrants to any
2  individual who received correspondence and/or robo calls from Defendant HARRIS &
3  HARRIS, LTD., which advised the recipient of the following: "a warrant has been
4  issued against you and unless you resolve this balance in full, you are subject to arrest
5  if you are stopped by law enforcement for any reason".

6  ## II.

7  ## PARTIES

8      12.  Plaintiffs are all customers of the Las Vegas Justice Court who received letters
9  from Defendant HARRIS & HARRIS, LTD. which stated: "a warrant has been issued
10  against you and unless you resolve this balance in full, you are subject to arrest if you
11  are stopped by law enforcement for any reason."

12      13.  That Plaintiff HUNTER CHURCH is, and at all times relevant hereto, was a
13  resident of the State of Nevada.

14      14.  That Plaintiff HUNTER CHURCH is, and at all times relevant hereto, was a
15  resident of the State of Nevada.

16      15.  That Plaintiff ISLAS AGUILAR is, and at all times relevant hereto, was a
17  resident of the State of Nevada.

18      16.  That Plaintiff LUDWIG LAUDENCIA is, and at all times relevant hereto, was a
19  resident of the State of Nevada.

20      17.  That Plaintiff JEREMY GYRON is, and at all times relevant hereto, was a
21  resident of the State of Nevada.

22      18.  That Plaintiff JESSICA BELTRAN is, and at all times relevant hereto, was a
23  resident of the State of Nevada.

24      19.  Plaintiffs are informed and believe and thereupon allege that Defendant
25  HARRIS & HARRIS, LTD., is a foreign limited partnership, with its principal place of
26  business located in Chicago, Illinois.

27      20.  That the true names and capacities, whether individual, corporate, associate,
28

4

1  or otherwise, of the Defendants herein designated at DOES I-V and ROE BUSINESS

2  ENTITTIES I-V are unknown to Plaintiffs at this time who therefore sue said

3  Defendants by fictitious names. Plaintiffs allege that each named Defendant herein

4  designated as DOE and/or ROE is negligently, willfully, contractually, or otherwise

5  legally responsible for the events and happenings herein referred to and proximately

6  caused damages to Plaintiffs as herein alleged. Plaintiffs will seek leave of Court to

7  amend this Complaint to insert the true names and capacities of such Defendants

8  when same have been asserted and will further seek leave to join said Defendants

9  when same have been asserted and will further seek leave to join said Defendants in

10  these proceedings.

11     21.  That Plaintiffs are informed and believe and thereon allege that at all times

12  mentioned herein, Defendants and each of them, including those names as DOES and

13  ROES were agents, servants, employees, partners, distributors or joint venturers of

14  their Co-Defendants and that in doing the acts herein alleged, were acting within the

15  course and scope of said agency, employment, partnership, or joint venture. Each and

16  every Defendant aforesaid was acting as a principal and was negligent or grossly

17  negligent in the selection, hiring and training of each and every other Defendant or

18  ratified the conduct of every other Defendant as an agent, servant, employee or joint

19  venturer.

20     22.  That Plaintiffs are informed and believe, and based upon such information

21  and belief, allege that each of the Defendants herein designated as DOES and/or ROES

22  are in some manner responsible for the occurrences and damages sustained as alleged

23  herein.

24  **III.**

25  **JURISDICTION AND VENUE**

26     23.  The exercise of the Jurisdiction by the Court over each and every Defendant in

27  this action is appropriate because each and every Defendant has done, and continues

28  to do, business in the State of Nevada, and committed a tort in the State of Nevada.

5

24. That exercise of the jurisdiction by this Court is further appropriate where all incidents described herein occurred in the County of Clark, State of Nevada.

25. That this Court has jurisdiction over the subject matter of this action. That exercise of the jurisdiction by this Court over each and every Defendant in this action is appropriate because each and every Defendant has done, and continues to do, business in the State of Nevada, and committed a tort in the State of Nevada. Additionally, this Court has jurisdiction over the claims alleged herein as they arise under Nevada statutes.

### IV.

### GENERAL ALLEGATIONS

26. Plaintiffs repeat and reiterate the allegations previously set forth herein.

27. Upon information and belief, Defendant HARRIS & HARRIS, LTD., generated letters bearing the name of the Las Vegas Justice Court which advised the recipient(s) of the following: "a warrant has been issued against you and unless you resolve this balance in full, you are subject to arrest if you are stopped by law enforcement for any reason."

28. Plaintiffs received letters from Defendant HARRIS & HARRIS, LTD. which stated: "a warrant has been issued against you and unless you resolve this balance in full, you are subject to arrest if you are stopped by law enforcement for any reason."

29. Plaintiffs received robo calls from Defendant HARRIS & HARRIS, LTD. which stated: "a warrant has been issued against you and unless you resolve this balance in full, you are subject to arrest if you are stopped by law enforcement for any reason."

30. Upon information and belief, Defendant HARRIS & HARRIS, LTD., had knowledge that the Las Vegas Justice Court had not issued any bench warrants to any individual who received correspondence and/or robo calls from Defendant's which advised the recipient of the following: "a warrant has been issued against you and

6

1  unless you resolve this balance in full, you are subject to arrest if you are stopped by

2  law enforcement for any reason".

3      31.   Upon information and belief, Defendant HARRIS & HARRIS, LTD., was

4  contacted by the Las Vegas Justice Court to cease sending letters which advised the

5  recipient of the following: "a warrant has been issued against you and unless you

6  resolve this balance in full, you are subject to arrest if you are stopped by law

7  enforcement for any reason."

8      32.   Upon information and belief, after Defendant HARRIS & HARRIS, LTD., was

9  contacted by the Las Vegas Justice Court to cease sending letters which advised the

10  recipient that "a warrant has been issued against you and unless you resolve this

11  balance in full, you are subject to arrest if you are stopped by law enforcement for any

12  reason," Defendant HARRIS & HARRIS, LTD., then began using a robo call and/or call

13  from an automated source that delivered a pre-recorded message to customers of the

14  Las Vegas Justice Court which stated "a warrant has been issued against you and

15  unless you resolve this balance in full, you are subject to arrest if you are stopped by

16  law enforcement for any reason."

17      33.   That as a result of Defendant HARRIS & HARRIS, LTD's. deceptive trade

18  Practices and violation of the Fair Debt Collection Act, Plaintiffs, including those

19  similarly situated suffered, and continue to suffer emotional trauma and distress.

20      34.   That at all times mentioned herein, Defendants, and each of them, acted with

21  fraud, oppression, and/or malice toward Plaintiffs, exhibited an intention and

22  willingness to injure Plaintiffs and/or a conscious disregard for the rights of the

23  Plaintiffs, and each Defendant, should be punished and made an example of by

24  imposition of punitive or exemplary damages in an amount in excess of $15,000.00.

25      35.   As a direct and proximate result of Defendants' actions, the Plaintiffs and the

26  putative Class Members seek, as a remedy all available relief, and equitable relief in

27  the form of a court supervised program for credit monitoring for all Class Members at

28  the expense of the Defendant.

7

36. The equitable remedy of credit monitoring is appropriate equitable relief for the Defendants' conduct since the prospective credit monitoring would have been completely unnecessary but for the Defendants' negligent, intentional and reckless conduct described herein.

37. That Plaintiffs have been required to retain the service of the LAW OFICES OF SCOTT M. HOLPER to prosecute this action and are entitled to attorney's fees and costs as provided by law.

**V.**

**CLASS ACTION ALLEGATIONS**

38. <u>Class Definition</u>: Plaintiffs bring this class action on behalf of themselves and the class defined as follows: All persons who received collection letters and/or robo calls advising the recipient that a warrant has been issued against them and suffered emotional distress from receiving the warrant collection letters and/or robo calls. Excluded from the Class are members of the immediate families of the Defendants, and their legal representatives, parents, affiliates, heirs, successors or assigns an any entity in which Defendants have or had a controlling interest, and any other person who engaged in the wrongful conduct alleged herein (the "Excluded Person's).

39. <u>Numerosity</u>: Upon information and belief, Plaintiffs allege that the total number of Class members is dispersed in as well as outside the United States. Consequently, joinder of the individual Class members would be impracticable. While the exact number of Class Members exceeds twelve thousand nine-hundred and forty-five (12,945), the exact number is unknown to Plaintiffs at this time, and can only be ascertained through appropriate discovery. Plaintiffs believe that there are twelve thousand nine-hundred and forty-five (12,945) members in the proposed Class such that the disposition of the individual claims of the respective Class Members through this Class action will benefit both the parties and this Court and will facilitate judicial economy.

8

40.   <u>Ascertainability</u>:  The Class is ascertainable because, on information and belief, each Class Member who received arrest warrant collection letters and arrest warrant robo calls from Defendants, are kept and stored in a detailed electronic database and records.

41.   <u>Typicality</u>:  Plaintiffs' claims are typical of the claims of the members of the Class. The claims of Plaintiffs' and the members of the Class are based on the same legal theories and arise from the same conduct. As such, the claims of Plaintiffs and the Class rise and fall together and are typical of one another.

42.   <u>Common Questions of Fact and Law Predominate</u>:  Judicial determination of the common legal and factual issues essential to this case would be far more efficient and economical as a class action than in piecemeal individual determinations. There is no plain, speedy or adequate remedy other than by maintenance of this lawsuit as a class action due to the amount of individuals who received warrant letters and warrant robo calls, making it economically infeasible for Class Members to pursue remedies individually. The prosecution of separate actions by individual Members of the Class, even if theoretically possible, would create a risk of inconsistent or varying adjudications with respect to the individual Class Members against Defendants and would establish incompatible standards of conduct for the Defendants. There are numerous questions of law or fact common to all Class Members including, but not limited to:

    a.   Whether Defendants engaged in a deceptive trade practice;

    b.   Whether Defendants acted negligently when they drafted and disseminated arrest warrant collection letters;

    c.   Whether Defendants acted negligently, or with deliberate indifference, when they drafted and disseminated arrest warrant collection letters;

    d.   Whether Defendants acted negligently when they disseminated arrest warrant robo calls;

e.  Whether Defendants acted negligently, or with deliberate indifference, when they disseminated arrest warrant robo calls;

f.  Whether Defendants acted in an intentional, willful or wanton manner justifying an award of punitive damages.

These questions are susceptible to a common answer. These questions and other like them predominate over individual issues. The same evidence needed to prove Plaintiffs' individual claims will be used to prove the claims of all Class Members.

43.  <u>Adequacy of Representation</u>:  Plaintiffs are adequate representatives of the Class because their interests do not conflict with the interests of the Members of the Class. Plaintiffs will fairly, adequately, and vigorously represent and protect the interests of the Members of the Class and have no interests antagonistic to the Members of the Class. Plaintiffs have retained counsel who is competent and experienced in class action litigation. Plaintiffs' attorney has the resources, expertise and experience to prosecute this action, and do not have knowledge of any conflicts among the members of Plaintiffs' Class, or any conflicts between the Class and Plaintiffs' attorney. Plaintiffs have no interest adverse to the interests of other Members of the Class and will fairly and adequately protect the interests of the Class. Plaintiffs' have retained counsel experienced and competent in the prosecution of class actions and complex litigation.

44.  <u>Superiority</u>:  The Class action is superior to other available methods for the fair and efficient adjudication of this controversy because: (a) the prosecution of a multitude of separate actions would be inefficient and wasteful of judicial resources; (b) the Members of the Class may be scattered throughout the United States and are not likely to be able to vindicate and enforce their rights unless this action is maintained as a class action; (c) the issues raised can be more fairly and efficiently resolved in the context of a single action rather than piece-meal litigation in the context of separate actions; (d) the resolution of litigation in a single forum will avoid the

10

1   danger and resultant confusion of possible inconsistent determinations; (e) the

2   prosecution of separate actions would create the risk of inconsistent or varying

3   adjudications with respect to individuals pursuing claims against Defendant, which

4   would establish incompatible standards of conducts for Defendants; (f) Defendants

5   have acted and will act on grounds applicable to all Class Members; (g) Individual

6   Class Members credit monitoring claims are large and the expense and burden of

7   induvial litigation makes it impossible for Class Members individually to redress the

8   wrongs done to them; and (h) questions of law and/or fact common to Members of the

9   Class, especially on the issue of liability, predominate over any question, such as that

10  of individuals damages that will affect individual Class Members.

11                                              VI.

12                                   CLAIMS FOR RELIEF

13                               FIRST CLAIM FOR RELIEF

14                                        Negligence
                                    Against All Defendants

15

16   45.   Plaintiffs hereby incorporate by reference all of the allegations set forth above

17  as though fully set forth hereafter.

18   46.   Defendants owed Plaintiffs a duty of care to not engage in a deceptive trade

19  practice as a collection company and properly notify Plaintiffs that Defendants were

20  not the Las Vegas Justice.

21   47.   Defendants breached their duty of care by:

22        a.  Falsely representing in writing that Defendants were the Las Vegas

23            Justice Court.

24        b.  Falsely representing by the use of a robo call that Defendants were the

25            Las Vegas Justice Court.

26        c.  Falsely representing in writing that an arrest warrant had been issued

27            against Plaintiffs by the Las Vegas Justice Court.

28

                                              11

     d. Falsely representing by the use of a robo call that an arrest warrant had been issued against Plaintiffs by the Las Vegas Justice Court.

48. Defendants owed Plaintiffs a duty of care to not engage in a deceptive trade practice as a collection company and properly inform Plaintiffs that there was not a warrant issued for their arrest by the Las Vegas Justice Court.

49. Defendants breached their duty of care by:

     a. Falsely representing in writing that an arrest warrant had been issued against Plaintiffs by the Las Vegas Justice Court.

     b. Falsely representing by the use of a robo call that an arrest warrant had been issued against Plaintiffs by the Las Vegas Justice Court.

50. As a direct and proximate result of the acts and/or omissions of the Defendants, the Plaintiffs have suffered emotional distress.

51. As a direct and proximate result of the acts and/or omissions of the Defendants, the Plaintiffs have sustained emotional damages in an amount to be determined by this Court.

52. As a direct and proximate result of the acts and/or omissions of the Defendants, the Plaintiffs have sustained damage to their credit score.

53. As a direct and proximate result of the Defendants' negligence per se, the Plaintiffs and the putative Class Members seek, as a remedy all available relief, and equitable relief in the form of the establishment of a court supervised credit monitoring program for credit monitoring for all Class Members at the expense of Defendants.

54. The equitable remedy of credit monitoring is appropriate equitable relief for the Defendants' conduct since the prospective credit monitoring would have been completely unnecessary but for the defendants' negligent, deceptive and reckless conduct described herein.

55. As a direct and proximate result of all the foregoing and as a result of the acts

and/or omissions of the Defendants, the Plaintiffs have sustained damage in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

56.   It has been necessary for Plaintiffs to retain the services of LAW OFFICE OF SCOTT M. HOLPER to represent them and to bring this action, and Plaintiffs are entitled to recover attorney's fees and costs incurred herein.

## SECOND CLAIM FOR RELIEF

### Negligent Infliction of Emotional Distress
### Against All Defendants

57.   Plaintiffs hereby incorporate by reference all of the allegations set forth above as though fully set forth hereafter.

58.   Defendants owed Plaintiffs a duty of care to not engage in a deceptive trade practice as a collection company and properly notify Plaintiffs that Defendants were not the Las Vegas Justice.

59.   Defendants breached their duty of care by:

    a.   Falsely representing in writing that Defendants were the Las Vegas Justice Court.

    b.   Falsely representing by the use of a robo call that Defendants were the Las Vegas Justice Court.

    c.   Falsely representing in writing that a warrant had been issued against Plaintiffs by the Las Vegas Justice Court.

    d.   Falsely representing by the use of a robo call that an arrest warrant had been issued against Plaintiffs by the Las Vegas Justice Court.

60.   Defendants owed Plaintiffs a duty of care to not engage in a deceptive trade practice as a collection company and properly inform Plaintiffs that there was not an arrest warrant issued for their arrest by the Las Vegas Justice Court.

61.   Defendants breached their duty of care by:

13

    a. Falsely representing in writing that an arrest warrant had been issued against Plaintiffs by the Las Vegas Justice Court.

    b. Falsely representing by the use of a robo call that an arrest warrant had been issued against Plaintiffs by the Las Vegas Justice Court.

62. That each Plaintiff and all of those similarly situated received deceptive letters and/or deceptive robo calls from Defendants which informed each recipient that an arrest warrant was issued by the Las Vegas Justice Court.

63. That the acts and/or omissions of the Defendants as described herein, constitute negligent infliction of emotional distress and the Plaintiffs and those similarly situated have suffered emotional distress as a direct and proximate result of the actions described hereinabove.

64. That it was reasonably foreseeable to the Defendants under the facts and circumstances of this case, that Defendants deceptive trade practice of informing Plaintiffs that an arrest warrant was issued against them by the Las Vegas Justice Court would cause Plaintiffs and those similarly situated to suffer emotional distress.

65. That as a result of the negligent infliction of emotional distress identified hereinabove, Plaintiffs and those similarly situated have been directly and proximately damaged.

66. As a direct and proximate result of the acts and/or omissions of the Defendants, the Plaintiffs have sustained emotional damages in an amount to be determined by this Court.

67. As a direct and proximate result of the acts and/or omissions of the Defendants, the Plaintiffs have sustained damage to their credit score.

68. As a direct and proximate result of the Defendants' negligence per se, the Plaintiffs and the putative Class Members seek, as a remedy all available relief, and equitable relief in the form of the establishment of a court supervised credit monitoring program for credit monitoring for all Class Members at the expense of Defendants.

14

69. The equitable remedy of credit monitoring is appropriate equitable relief for the Defendants' conduct since the prospective credit monitoring would have been completely unnecessary but for the defendants' negligent, deceptive and reckless conduct described herein.

70. That the aforementioned acts were conducted in a wanton, willful and deceptive, manner, with conscious disregard for Plaintiffs' rights and the rights of those similarly situated. The acts of Defendants and each of them should be assessed punitive or exemplary damages.

71. That Plaintiffs and those similarly situated have been forced to retain the services of an attorney and to represent them in this action, and as such are entitled to reasonable attorney's fee and litigation costs.

### THIRD CLAIM FOR RELIEF
### VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT
Against All Defendants

72. Plaintiffs hereby incorporate by reference all of the allegations set forth above as though fully set forth hereafter.

73. Pursuant to NRS 649.020, Defendant HARRIS & HARRIS, LTD. is considered a third-party collection agency.

74. As a third-party collection agency, Defendant HARRIS & HARRIS, LTD. may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

75. Defendant HARRIS & HARRIS, LTD. mailed collection letters to Plaintiffs advising each Plaintiff that "a warrant has been issued against you and unless you resolve this balance in full, you are subject to arrest if you are stopped by law enforcement for any reason."

76. Defendant HARRIS & HARRIS, LTD. used a robo call to contact Plaintiffs in

15

1 which the recorded message indicated that "a warrant has been issued against you

2 and unless you resolve this balance in full, you are subject to arrest if you are stopped

3 by law enforcement for any reason."

4     77.   The Las Vegas Justice Court never issued any arrest warrant to any Plaintiff

5 who received Defendant HARRIS & HARRIS, LTD's. collection letter and/or robo call.

6 represented and/or implicated in writing by Defendant HARRIS & HARRIS, LTD. to

7 the Plaintiffs.

8     78.   The nonpayment of debt to HARRIS & HARRIS, LTD. as referenced in

9 Defendants' collection letters and/or robo calls would never result in the arrest or

10 imprisonment of Plaintiffs.

11     79.   That the acts and/or omissions of the Defendants as described herein,

12 constitute violation of the Fair Debt Collection Practices Act and the Plaintiffs and

13 those similarly situated have suffered emotional distress as a direct and proximate

14 result of the actions described hereinabove.

15     80.   As a direct and proximate result of the acts and/or omissions of the

16 Defendants, the Plaintiffs have sustained emotional damages in an amount to be

17 determined by this Court.

18     81.   As a direct and proximate result of the acts and/or omissions of the

19 Defendants, the Plaintiffs have sustained damage to their credit score.

20     82.   As a direct and proximate result of the Defendants' conduct, the

21 Plaintiffs and the putative Class Members seek, as a remedy all available

22 relief, and equitable relief in the form of the establishment of a court supervised credit

23 monitoring program for credit monitoring for all Class Members at the expense of

24 Defendants.

25     83.   The equitable remedy of credit monitoring is appropriate equitable relief for

26 the Defendants' conduct since the prospective credit monitoring would have been

27 completely unnecessary but for the defendants' violation of the Fair Debt Collection

28 Practices Act.

16

84. That the aforementioned acts were conducted in a wanton, willful and deceptive manner in violation of the Fair Debt Collection Practices Act and done with conscious disregard for Plaintiffs' rights and the rights of those similarly situated. The acts of Defendants and each of them should be assessed punitive or exemplary damages.

85. That Plaintiffs and those similarly situated have been forced to retain the services of an attorney and to represent them in this action, and as such are entitled to reasonable attorney's fee and litigation costs.

## FOURTH CLAIM FOR RELIEF
### DECEPTIVE TRADE PRACTICE
Against All Defendants

86. Plaintiffs hereby incorporate by reference all of the allegations set forth above as though fully set forth hereafter.

87. Pursuant to NRS 649.020, Defendant HARRIS & HARRIS, LTD. is considered a third-party collection agency.

88. As a third-party collection agency, Defendant HARRIS & HARRIS, LTD. may not engage in a deceptive trade practice by using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

89. Defendant HARRIS & HARRIS, LTD. mailed collection letters to Plaintiffs advising each Plaintiff that "a warrant has been issued against you and unless you resolve this balance in full, you are subject to arrest if you are stopped by law enforcement for any reason."

90. Defendant HARRIS & HARRIS, LTD. used a robo call to contact Plaintiffs in which the recorded message indicated that "a warrant has been issued against you and unless you resolve this balance in full, you are subject to arrest if you are stopped by law enforcement for any reason."

91. The Las Vegas Justice Court never issued any arrest warrant to any Plaintiff

17

who received Defendant HARRIS & HARRIS, LTD's. collection letter and/or robo call, represented and/or implicated in writing by Defendant HARRIS & HARRIS, LTD. to the Plaintiffs.

92.  The nonpayment of debt to HARRIS & HARRIS, LTD. as referenced in Defendants' collection letters and/or robo calls would never result in the arrest or imprisonment of Plaintiffs.

93.  That the acts and/or omissions of the Defendants as described herein, constitute a deceptive trade practice and the Plaintiffs and those similarly situated have suffered emotional distress as a direct and proximate result of the actions described hereinabove.

94.  As a direct and proximate result of the acts and/or omissions of the Defendants, the Plaintiffs have sustained emotional damages in an amount to be determined by this Court.

95.  As a direct and proximate result of the acts and/or omissions of the Defendants, the Plaintiffs have sustained damage to their credit score.

96.  As a direct and proximate result of the Defendants' conduct, the Plaintiffs and the putative Class Members seek, as a remedy all available relief, and equitable relief in the form of the establishment of a court supervised credit monitoring program for credit monitoring for all Class Members at the expense of Defendants.

97.  The equitable remedy of credit monitoring is appropriate equitable relief for the Defendants' conduct since the prospective credit monitoring would have been completely unnecessary but for the defendants' violation of the Fair Debt Collection Practices Act.

98.  That the aforementioned acts were conducted in a wanton, willful and deceptive manner which constitutes a deceptive trade practice and done with conscious disregard for Plaintiffs' rights and the rights of those similarly situated. The

18

1  acts of Defendants and each of them should be assessed punitive or exemplary

2  damages.

3     99.  That Plaintiffs and those similarly situated have been forced to retain the

4  services of an attorney and to represent them in this action, and as such are entitled to

5  reasonable attorney's fee and litigation costs.

6

7  **PRAYER FOR RELIEF**

8     **WHEREFORE**, Plaintiffs and those similarly situated pray for relief and damages

9  as follows:

10     A.  That the Court determine this action is a proper class action and appoint Plaintiffs as

11        representatives of the Class under Rule 23 of the Nevada Rules of Civil Procedure;

12     B.  For declaratory and equitable relief in the form of establishment of a court supervised

13        credit monitoring program for all Class Members at the Defendants' expense, in

14        excess of $15,000.00;

15     C.  That Plaintiffs and the Plaintiffs Class be awarded reasonable attorney's fees and be

16        awarded their costs of court;

17     D.  That Plaintiffs and the Plaintiffs' Class be awarded punitive damages;

18     E.  All such other and further relief as this Court deems just and proper under

19        the circumstances, including, without limitation, post-judgment attorney's

20        fees and costs.

21  DATED this ____14____ day of February 2024.

22

23             LAW OFFICES OF SCOTT M. HOLPER

24

25             By_____

26               SCOTT M. HOLPER, ESQ.

27               Nevada Bar No. 9587

28               3175 S. Nellis Blvd., Ste. A

             Las Vegas, Nevada 89121

             Attorney for Plaintiffs

19

## VERIFICATION

STATE OF NEVADA      )
                            ) ss.
COUNTY OF CLARK     )

      HUNTER CHURCH, having been first duly sworn, deposes and states that he has read the foregoing Complaint and knows the content thereof, and that the same are true to the best of his knowledge, except for those matters therein stated upon information and belief, and as to those he believes them to be true.

      DATED this ___8___ day of February 2024.


_____
HUNTER CHURCH


SUBSCRIBED AND SWORN to
before me this __8__ day of FEBRUARY, 2024.


_____
NOTARY PUBLIC in and for said
County and State. NEVADA
CLARK

MARGARET A MCNAMARA
NOTARY PUBLIC
STATE OF NEVADA
APPT. NO. 06-106268-1
MY APPT. EXPIRES AUGUST 22, 2026

## VERIFICATION

STATE OF NEVADA          )
                                          ) ss.
COUNTY OF CLARK     )

    LUDWIG LAUDENCIA, having been first duly sworn, deposes and states that he has read the foregoing Complaint and knows the content thereof, and that the same are true to the best of his knowledge, except for those matters therein stated upon information and belief, and as to those he believes them to be true.

    DATED this __8__ day of February 2024.


_____
LUDWIG LAUDENCIA


SUBSCRIBED AND SWORN to
before me this __8__ day of FEBRUARY, 2024.


_____
NOTARY PUBLIC in and for said
County and State.

MARGARET A MCNAMARA
NOTARY PUBLIC
STATE OF NEVADA
APPT. NO. 06-108288-1
MY APPT. EXPIRES AUGUST 22, 2026

# EXHIBIT B

# EXHIBIT B

**SUMM**
SCOTT M. HOLPER, ESQ.
Nevada Bar No. 9587
LAW OFFICES OF SCOTT M. HOLPER
3175 S. Nellis Blvd., Ste. A
Las Vegas, Nevada 89121
Tel: (702) 366-0911
Fax: (702) 333-1196
Scottholperlaw@gmail.com
Attorney for Plaintiff

## DISTRICT COURT
## CLARK COUNTY, NEVADA

|  |  |
|---|---|
| HUNTER CHURCH, individually and on behalf of those similarly situated; ISLAS AGUILAR, individually and on behalf of those similarly situated; LUDWIG LAUDENCIA, individually and on behalf of those similarly situated; JEREMY GYRON, individually and on behalf of those similarly situated; JESSICA BELTRAN, individually and on behalf of those similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> HARRIS & HARRIS, LTD., a Foreign Corporation; ; DOES I-V, inclusive; and ROE BUSINESS ENTITIES I-V, inclusive, <br><br> Defendants. | CASE NO.:  A-24-887131-C <br><br> DEPT. NO.: 16 <br><br><br><br> **SUMMONS** |

NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU FILE A RESPONSE WITH THE COURT WITHIN 21 DAYS. READ THE INFORMATION BELOW CAREFULLY.

To the Defendant named above: **HARRIS & HARRIS, LTD.**

1

A civil class action complaint has been filed by the Plaintiffs against you. Plaintiffs are seeking to recover the relief requested in the complaint, which could include a money judgment against you or some other form of relief.

If you intend to defend this lawsuit, within 21 calendar days after this Summons is served on you (not counting the day of service), you must:

1. File with the Clerk of the Court, whose address is shown below, a formal written response (called an "answer") to Plaintiff's complaint.

2. Pay the required filing fee to the court, or file an Application to Proceed *In Forma Pauperis* and request a waiver of the filing fee.

3. Serve (by mail or hand delivery) a copy of your response upon the Plaintiff whose name and address is shown below.

If you fail to respond, the Plaintiff can request your default. The court can then enter judgment against you for the relief demanded by the Plaintiff in the complaint, which could result in money or property being taken from you or some other relief requested in Plaintiff's complaint.

If you intend to seek an attorney's advice, do it quickly so that your response can be filed on time.

STEVEN D. GRIERSON, CLERK OF COURT

By: _____   FEB 1 5 2024
Deputy Clerk OFELIA DAVID   Date: _____
Regional Justice Center
200 Lewis Avenue
Las Vegas, Nevada 89155

Issued at the request of:

SCOTT M. HOLPER, ESQ.
Nevada Bar No. 9587
3175 S. Nellis Blvd., Ste. A
Las Vegas, Nevada 89121
Attorney for Plaintiff

2

# EXHIBIT C

# EXHIBIT C

Electronically Filed
2/15/2024 11:28 AM
Steven D. Grierson
CLERK OF THE COURT

1   CONFILE
    SCOTT M. HOLPER, ESQ.
2   Nevada Bar No. 9587
3   LAW OFFICES OF SCOTT M. HOLPER
    3175 S. Nellis Blvd., Suite A
4   Las Vegas, Nevada 89121
5   Tel: (702) 366-0911
6   Fax: (702) 333-1196
    Scottholperlaw@gmail.com
7   Attorney for Plaintiffs

8
                        **DISTRICT COURT**
9                     **CLARK COUNTY, NEVADA**

10
    HUNTER CHURCH, individually and on          )
11  behalf of those similarly situated; ISLAS   )      CASE NO.:  A-24-887131-C
    AGUILAR, individually and on behalf of      )
12  those similarly situated; LUDWIG            )      DEPT. NO.: 16
13  LAUDENCIA, individually and on behalf of    )
    those similarly situated; JEREMY GYRON,     )
14  individually and on behalf of those similarly )
15  situated; JESSICA BELTRAN, individually     )
    and on behalf of those similarly situated,  )
16                                              )      **MOTION TO CERTIFY CLASS**
                    Plaintiffs,                 )
17                                              )
                                                )
18  vs.                                         )
                                                )      **HEARING REQUESTED**
19  HARRIS & HARRIS, LTD., a Foreign            )
    Corporation; DOES I-V, inclusive; and ROE   )
20  BUSINESS ENTITIES I-V, inclusive,           )
                                                )
21                                              )
                    Defendants.                 )
22  _____)

23

24          COMES NOW the Plaintiffs, individually and on behalf of all those similarly situated, by

25  and through their attorney, SCOTT M. HOLPER., ESQ and respectfully submits the following

26  . . .

27  . . .

28  . .

                                            I

Motion to Certify Class.

DATED this 15<u>th</u> day of February 2024.

By<u>:   *s/s Scott m. Holper, Esq.*</u>
SCOTT M. HOLPER, ESQ.
3175 S. Nellis Blvd., Suite A
Las Vegas, Nevada 89121
Attorney for Plaintiffs

## NOTICE OF MOTION

**TO: HUNTER CHURCH, Plaintiff;**

**TO: ISLAS AGUILAR, Plaintiff;**

**TO: LUDWIG LAUDENCIA, Plaintiff;**

**TO: JEREMY GYRON, Plaintiff;**

**TO: JESSICA BELTRAN, Plaintiff;**

**TO:  HARRIS & HARRIS, LTD., Defendant.**

**TO:  HARRIS & HARRIS, LTD., Defendant.**

**TO:  JEFFREY ENEBAK, ESQ., Attorney for Defendant**


YOU, AND EACH OF YOU, WILL PLEASE TAKE NOTICE that the undersigned will bring the forgoing **MOTION TO CERTIFY CLASS** on for hearing before the above-entitled Court on the _____ day of _____ 2024 at the hour of ___:____.M.  in Department 16 or as soon thereafter counsel can be heard.

DATED this 15<u>th</u> day of February 2024.

By<u>:   *s/s Scott m. Holper, Esq.*</u>
SCOTT M. HOLPER, ESQ.
3175 S. Nellis Blvd., Suite A
Las Vegas, Nevada 89121
Attorney for Plaintiffs

2

## POINTS AND AUTHORITIES IN SUPPORT OF
## MOTION TO CERTIFY CLASS

## I.

## CLASS ACTION REQUIRMENTS

NRCP 23 sets forth the necessary requirements in order to certify the class and qualify as a class action.

**NRCP Rule 23.   Class Actions**

(a) **Prerequisites to a Class Action.**   One or more members of a class may sue or be sued as representative parties on behalf of all only if:

    (1) the class is so numerous that joinder of all members is impracticable;

    (2) there are questions of law or fact common to the class;

    (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

    (4) the representative parties will fairly and adequately protect the interests of the class.

(b) **Aggregation.**   The representative parties may aggregate the value of the individual claims of all potential class members to establish district court jurisdiction over a class action.

(c) **Class Actions Maintainable.**   An action may be maintained as a class action if the prerequisites of Rule 23(a) are satisfied, and in addition:

    (1) the prosecution of separate actions by or against individual members of the class would create a risk of:

        (A) inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for the party opposing the class; or

        (B) adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests;

    (2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or

    (3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters

3

pertinent to the findings include:

(A) the interest of members of the class in individually controlling the prosecution or defense of separate actions;

(B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class;

(C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

(D) the difficulties likely to be encountered in the management of a class action.

## II.

## CLASS ACTION ALLEGATIONS

Plaintiffs meet every requirement contained within NRCP 23 in order to certify the class and allow this matter to proceed as a class action.

1.    Class Definition: Plaintiffs bring this class action on behalf of themselves and the class defined as follows:  All persons who received collection letters and/or robo calls advising the recipient that a warrant has been issued against them and suffered emotional distress from receiving the warrant collection letters and/or robo calls. Excluded from the Class are members of the immediate families of the Defendants, and their legal representatives, parents, affiliates, heirs, successors or assigns an any entity in which Defendants have or had a controlling interest, and any other person who engaged in the wrongful conduct alleged herein (the "Excluded Person's).

2.    Numerosity:  Upon information and belief, Plaintiffs allege that the total number of Class members is dispersed in as well as outside the United States. Consequently, joinder of the individual Class members would be impracticable. While the exact number of Class Members exceeds twelve thousand nine-hundred and forty-five (12,945), the exact number is unknown to Plaintiffs at this time, and can only be ascertained through appropriate discovery. Plaintiffs believe that there are approximately twelve thousand nine-hundred and forty-five (12,945) members in the proposed Class such that the disposition of the individual claims of the respective

4

Class Members through this Class action will benefit both the parties and this Court and will facilitate judicial economy.

3.   Ascertainability:  The Class is ascertainable because, on information and belief, each Class Member who received arrest warrant collection letters and arrest warrant robo calls from Defendants, are kept and stored in a detailed electronic database and records.

4.   Typicality:  Plaintiffs' claims are typical of the claims of the members of the Class. The claims of Plaintiffs' and the members of the Class are based on the same legal theories and arise from the same conduct. As such, the claims of Plaintiffs and the Class rise and fall together and are typical of one another.

5.   Common Questions of Fact and Law Predominate:  Judicial determination of the common legal and factual issues essential to this case would be far more efficient and economical as a class action than in piecemeal individual determinations. There is no plain, speedy or adequate remedy other than by maintenance of this lawsuit as a class action due to the amount of individuals who received warrant letters and warrant robo calls, making it economically infeasible for Class Members to pursue remedies individually. The prosecution of separate actions by individual Members of the Class, even if theoretically possible, would create a risk of inconsistent or varying adjudications with respect to the individual Class Members against Defendants and would establish incompatible standards of conduct for the Defendants. There are numerous questions of law or fact common to all Class Members including, but not limited to:

    a.   Whether Defendants engaged in a deceptive trade practice;

    b.   Whether Defendants acted negligently when they drafted and disseminated arrest warrant collection letters;

    c.   Whether Defendants acted negligently, or with deliberate indifference, when they drafted and disseminated arrest warrant collection letters;

    d.   Whether Defendants acted negligently when they disseminated arrest

warrant robo calls;

    e.  Whether Defendants acted negligently, or with deliberate indifference, when they disseminated arrest warrant robo calls;

    f.  Whether Defendants acted in an intentional, willful or wanton manner justifying an award of punitive damages.

These questions are susceptible to a common answer. These questions and other like them predominate over individual issues. The same evidence needed to prove Plaintiffs' individual claims will be used to prove the claims of all Class Members.

    6.   Adequacy of Representation:  Plaintiffs are adequate representatives of the Class because their interests do not conflict with the interests of the Members of the Class. Plaintiffs will fairly, adequately, and vigorously represent and protect the interests of the Members of the Class and have no interests antagonistic to the Members of the Class. Plaintiffs have retained counsel who is competent and experienced in class action litigation. Plaintiffs' attorney has the resources, expertise and experience to prosecute this action, and do not have knowledge of any conflicts among the members of Plaintiffs' Class, or any conflicts between the Class and Plaintiffs' attorney. Plaintiffs have no interest adverse to the interests of other Members of the Class and will fairly and adequately protect the interests of the Class. Plaintiffs' have retained counsel experienced and competent in the prosecution of class actions and complex litigation.

    7.   Superiority:  The Class action is superior to other available methods for the fair and efficient adjudication of this controversy because: (a) the prosecution of a multitude of separate actions would be inefficient and wasteful of judicial resources; (b) the Members of the Class may be scattered throughout the United States and are not likely to be able to vindicate and enforce their rights unless this action is maintained as a class action; (c) the issues raised can be more fairly and efficiently resolved in the context of a single action rather than piece-meal litigation in the context

6

of separate actions; (d) the resolution of litigation in a single forum will avoid the danger and resultant confusion of possible inconsistent determinations; (e) the prosecution of separate actions would create the risk of inconsistent or varying adjudications with respect to individuals pursuing claims against Defendant, which would establish incompatible standards of conducts for Defendants; (f) Defendants have acted and will act on grounds applicable to all Class Members; (g) Individual Class Members credit monitoring claims are large and the expense and burden of induvial litigation makes it impossible for Class Members individually to redress the wrongs done to them; and (h) questions of law and/or fact common to Members of the Class, especially on the issue of liability, predominate over any question, such as that of individuals damages that will affect individual Class Members.

## III.

## CONCLUSION

Plaintiffs have met every requirement contained within NCRP 23. This Court should certify the class and allow this matter to proceed as a class action lawsuit.

DATED this 16th day of February 2024.

By: _s/s Scott m. Holper, Esq._
SCOTT M. HOLPER, ESQ.
3175 S. Nellis Blvd., Suite A
Las Vegas, Nevada 89121
Attorney for Plaintiffs

7

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 16th day of February 2024, I served a true and correct copy of the foregoing **MOTION TO PLACE ON CALENDAR FOR CLASS CERTIFICAION** upon all parties via electronic service through the Wiznet system as follows:

Jeffrey Rogan, Deputy District Attorney
Clark County District Attorney's Office (Civil Division)
E: Jeffrey.Rogan@clarkcountyda.com

Jeffrey Endebak, Esq.
General Counsel for Defendant Harris & Harris, Ltd.
E: jendebak@harriscollect.com

By:      /s/ *Margie McNamera*
An employee of LAW OFFICES OF SCTT M. HOLPER

8

# EXHIBIT D

# EXHIBIT D

Electronically Filed
2/16/2024 1:21 PM
Steven D. Grierson
CLERK OF THE COURT

**DISTRICT COURT**
**CLARK COUNTY, NEVADA**
****

| | |
|---|---|
| Hunter Church, Plaintiff(s) | Case No.:   A-24-887131-C |
| vs. | |
| Harris & Harris Ltd, Defendant(s) | Department 16 |

## NOTICE OF HEARING

Please be advised that the Plaintiffs' Motion to Certify Class in the above-entitled matter is set for hearing as follows:

**Date:** April 02, 2024

**Time:** 9:05 AM

**Location:** RJC Courtroom 16C
Regional Justice Center
200 Lewis Ave.
Las Vegas, NV 89101

**NOTE: Under NEFCR 9(d), if a party is not receiving electronic service through the Eighth Judicial District Court Electronic Filing System, the movant requesting a hearing must serve this notice on the party by traditional means.**

STEVEN D. GRIERSON, CEO/Clerk of the Court

By:   /s/ Chaunte Pleasant
        Deputy Clerk of the Court

### CERTIFICATE OF SERVICE

I hereby certify that pursuant to Rule 9(b) of the Nevada Electronic Filing and Conversion Rules a copy of this Notice of Hearing was electronically served to all registered users on this case in the Eighth Judicial District Court Electronic Filing System.

By:   /s/ Chaunte Pleasant
        Deputy Clerk of the Court