SCOTT M. HOLPER, ESQ.
Nevada Bar No. 9587
LAW OFFICES OF SCOTT M. HOLPER
3175 S. Nellis Blvd., Suite A
Las Vegas, Nevada 89121
Tel: (702) 366-0911
Fax: (702) 333-1196
Scottholperlaw@gmail.com
Attorney for Plaintiffs

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| HUNTER CHURCH, individually and on behalf of those similarly situated; ISLAS AGUILAR, individually and on behalf of those similarly situated; LUDWIG LAUDENCIA, individually and on behalf of those similarly situated; JEREMY GYRON, individually and on behalf of those similarly situated; JESSICA BELTRAN, individually and on behalf of those similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> HARRIS & HARRIS, LTD., a Foreign Corporation; DOES I-V, inclusive; and ROE BUSINESS ENTITIES I-V, inclusive, <br><br> Defendants. | Case No..: 2:24-cv-00517-JCM-MDC <br><br><br><br> **FIRST AMENDED CLASS ACTION COMPLAINT** <br><br> Jury Trial Demanded |

Plaintiffs, individually and on behalf of all those similarly situated, allege the following upon information and belief, except as to those allegations concerning Plaintiffs, which are alleged upon personal knowledge.

. . .

. . .

# I.

## INTRODUCTION

1.  Plaintiffs bring this action as a class action on behalf of themselves and on behalf of all persons who suffered emotional distress as a result of receiving collection letters and robo calls from Defendant HARRIS & HARRIS, LTD.

2.  Defendant HARRIS & HARRIS, LTD. is a third (3rd) party collection agency pursuant to NRS 649.020 which defines a collection agency as: "all persons engaging, directly or indirectly, and as a primary or a secondary object, business or pursuit, in the collection of or in soliciting or obtaining in any manner the payment of a claim owed or due or asserted to be owed or due to another."

3.  The Fair Debt Collection Practices Act (FDCPA) prohibits false or misleading representations including the implication that that the nonpayment of any debt will result in the arrest or imprisonment of any person.

4.  The Nevada Deceptive Tade Practices Act which is codified as NRS Chapter 598 prohibits anyone from knowingly making a false statement.

5.  The damage suffered by Plaintiffs was wrought by Defendant HARRIS & HARRIS, LTD., who violated the Fair Debt Collection Practices Act and engaged in a Deceptive Trade Practice by:

   a. Knowingly making a false representation as to affiliation, connection, association with or certification by the Las Vegas Justice Court;

   b. Knowingly making a false representation in writing which states: "a warrant has been issued against you and unless you resolve this balance in full, you are subject to arrest if you are stopped by law enforcement for any reason": and

   c. Within the course of his/her business or occupation, he/she disseminates an unsolicited prerecorded message to solicit a person to pay by telephone and he/she does not have a preexisting business relationship with the person being called.

d. Within the course of his/her business or occupation, he/she disseminates an unsolicited pre-recorded message which knowingly makes a false representation stating: "a warrant has been issued against you and unless you resolve this balance in full, you are subject to arrest if you are stopped by law enforcement for any reason."

6.   Upon information and belief, Defendant HARRIS & HARRIS, LTD., generated letters bearing the name of the Las Vegas Justice Court which advised the recipient(s) of the following: "a warrant has been issued against you and unless you resolve this balance in full, you are subject to arrest if you are stopped by law enforcement for any reason" (see attached Exhibit "1").

7.   Upon information and belief, the letters generated by Defendant HARRIS & HARRIS, LTD., and bearing the name of the Las Vegas Justice Court, indicates a contact/phone number of (844) 457-9630 which is the phone number for Defendant HARRIS & HARRIS, LTD.

8.   Upon information and belief, the phone number for the Las Vegas Justice Court is (702) 671-3199.

9.   As a direct result of Defendants' Deceptive Trade Practice, twelve thousand three-hundred and seventy-four (12,374) collection letters were sent by Defendant HARRIS & HARRIS, LTD. which stated: "a warrant has been issued against you and unless you resolve this balance in full, you are subject to arrest if you are stopped by law enforcement for any reason."

10.   As a direct result of Defendants' Deceptive Trade Practice, five-hundred and seventy-one (571) robo calls were made by Defendant HARRIS & HARRIS, LTD. which stated: "a warrant has been issued against you and unless you resolve this balance in full, you are subject to arrest if you are stopped by law enforcement for any reason."

11.   Upon information and belief, Defendant HARRIS & HARRIS, LTD., had

3

knowledge that the Las Vegas Justice Court had not issued any bench warrants to any individual who received correspondence and/or robo calls from Defendant HARRIS & HARRIS, LTD., which advised the recipient of the following: "a warrant has been issued against you and unless you resolve this balance in full, you are subject to arrest if you are stopped by law enforcement for any reason".

## II.
### PARTIES

12.  Plaintiffs are all customers of the Las Vegas Justice Court who received letters from Defendant HARRIS & HARRIS, LTD., which stated: "a warrant has been issued against you and unless you resolve this balance in full, you are subject to arrest if you are stopped by law enforcement for any reason."

13.  That Plaintiff HUNTER CHURCH is, and at all times relevant hereto, was a resident of the State of Nevada.

14.  That Plaintiff HUNTER CHURCH is, and at all times relevant hereto, was a resident of the State of Nevada.

15.  That Plaintiff ISLAS AGUILAR is, and at all times relevant hereto, was a resident of the State of Nevada.

16.  That Plaintiff LUDWIG LAUDENCIA is, and at all times relevant hereto, was a resident of the State of Nevada.

17.  That Plaintiff JEREMY GYRON is, and at all times relevant hereto, was a resident of the State of Nevada.

18.  That Plaintiff JESSICA BELTRAN is, and at all times relevant hereto, was a resident of the State of Nevada.

19.  Plaintiffs are informed and believe and thereupon allege that Defendant HARRIS & HARRIS, LTD., is a foreign limited partnership, with its principal place of business located in Chicago, Illinois.

20.  That the true names and capacities, whether individual, corporate, associate,

4

or otherwise, of the Defendants herein designated at DOES I-V and ROE BUSINESS ENTITTIES I-V are unknown to Plaintiffs at this time who therefore sue said Defendants by fictitious names. Plaintiffs allege that each named Defendant herein designated as DOE and/or ROE is negligently, willfully, contractually, or otherwise legally responsible for the events and happenings herein referred to and proximately caused damages to Plaintiffs as herein alleged. Plaintiffs will seek leave of Court to amend this Complaint to insert the true names and capacities of such Defendants when same have been asserted and will further seek leave to join said Defendants when same have been asserted and will further seek leave to join said Defendants in these proceedings.

21.   That Plaintiffs are informed and believe and thereon allege that at all times mentioned herein, Defendants and each of them, including those names as DOES and ROES were agents, servants, employees, partners, distributors or joint venturers of their Co-Defendants and that in doing the acts herein alleged, were acting within the course and scope of said agency, employment, partnership, or joint venture. Each and every Defendant aforesaid was acting as a principal and was negligent or grossly negligent in the selection, hiring and training of each and every other Defendant or ratified the conduct of every other Defendant as an agent, servant, employee or joint venturer.

22.   That Plaintiffs are informed and believe, and based upon such information and belief, allege that each of the Defendants herein designated as DOES and/or ROES are in some manner responsible for the occurrences and damages sustained as alleged herein.

### III.

### JURISDICTION AND VENUE

23.   The exercise of the Jurisdiction by the Court over each and every Defendant in

5

this action is appropriate because each and every Defendant has done, and continues to do, business in the State of Nevada, and committed a tort in the State of Nevada.

24.   That exercise of the jurisdiction by this Court is further appropriate where all incidents described herein occurred in the County of Clark, State of Nevada.

25.   That this Court has jurisdiction over the subject matter of this action pursuant to 15 USC 16921(d).

## IV.

## GENERAL ALLEGATIONS

26.   Plaintiffs repeat and reiterate the allegations previously set forth herein.

27.   Upon information and belief, Defendant HARRIS & HARRIS, LTD., generated letters bearing the name of the Las Vegas Justice Court which advised the recipient(s) of the following: "a warrant has been issued against you and unless you resolve this balance in full, you are subject to arrest if you are stopped by law enforcement for any reason" (see Exhibit "1").

28.   Plaintiffs received letters from Defendant HARRIS & HARRIS, LTD. which stated: "a warrant has been issued against you and unless you resolve this balance in full, you are subject to arrest if you are stopped by law enforcement for any reason."

29.   Plaintiffs received robo calls from Defendant HARRIS & HARRIS, LTD. which stated: "a warrant has been issued against you and unless you resolve this balance in full, you are subject to arrest if you are stopped by law enforcement for any reason."

30.   Upon information and belief, Defendant HARRIS & HARRIS, LTD., had knowledge that the Las Vegas Justice Court had not issued any bench warrants to any individual who received correspondence and/or robo calls from Defendant's which advised the recipient of the following: "a warrant has been issued against you and

1 | unless you resolve this balance in full, you are subject to arrest if you are stopped by
2 | law enforcement for any reason".

3 | 31. Upon information and belief, Defendant HARRIS & HARRIS, LTD., was
4 | contacted by the Las Vegas Justice Court to cease sending letters which advised the
5 | recipient of the following: "a warrant has been issued against you and unless you
6 | resolve this balance in full, you are subject to arrest if you are stopped by law
7 | enforcement for any reason."

8 | 32. Upon information and belief, after Defendant HARRIS & HARRIS, LTD., was
9 | contacted by the Las Vegas Justice Court to cease sending letters which advised the
10 | recipient that "a warrant has been issued against you and unless you resolve this
11 | balance in full, you are subject to arrest if you are stopped by law enforcement for any
12 | reason," Defendant HARRIS & HARRIS, LTD., then began using a robo call and/or call
13 | from an automated source that delivered a pre-recorded message to customers of the
14 | Las Vegas Justice Court which stated "a warrant has been issued against you and
15 | unless you resolve this balance in full, you are subject to arrest if you are stopped by
16 | law enforcement for any reason."

17 | 33. That as a result of Defendant HARRIS & HARRIS, LTD.'s deceptive trade
18 | Practices and violation of the Fair Debt Collection Act, Plaintiffs, including those
19 | similarly situated suffered, and continue to suffer emotional trauma and distress.

20 | 34. That at all times mentioned herein, Defendants, and each of them, acted with
21 | fraud, oppression, and/or malice toward Plaintiffs, exhibited an intention and
22 | willingness to injure Plaintiffs and/or a conscious disregard for the rights of the
23 | Plaintiffs, and each Defendant, should be punished and made an example of by
24 | imposition of punitive or exemplary damages in an amount in excess of $15,000.00.

25 | 35. As a direct and proximate result of Defendants' actions, the Plaintiffs and the
26 | putative class members seek, as a remedy all available relief, and equitable relief in the
27 | form of a court supervised program for credit monitoring for all class members at the
28 | expense of the Defendant.

36.    The equitable remedy of credit monitoring is appropriate equitable relief for the Defendants' conduct since the prospective credit monitoring would have been completely unnecessary but for the Defendants' negligent, intentional and reckless conduct described herein.

37.    That Plaintiffs have been required to retain the service of the LAW OFFICES OF SCOTT M. HOLPER to prosecute this action and are entitled to attorney's fees and costs as provided by law.

## V.

## CLASS ACTION ALLEGATIONS

38.    <u>Class Definition</u>: Plaintiffs bring this class action on behalf of themselves and the class defined as follows:  All persons who received collection letters and/or robo calls advising the recipient that a warrant has been issued against them and suffered emotional distress from receiving the warrant collection letters and/or robo calls. Excluded from the class are members of the immediate families of the Defendants, and their legal representatives, parents, affiliates, heirs, successors or assigns an any entity in which Defendants have or had a controlling interest, and any other person who engaged in the wrongful conduct alleged herein (the "Excluded Person's).

39.    <u>Numerosity</u>:  Upon information and belief, Plaintiffs allege that the total number of class members is dispersed in as well as outside the United States. Consequently, joinder of the individual Class members would be impracticable. While the exact number of class members exceeds twelve thousand nine-hundred and forty-five (12,945), the exact number is unknown to Plaintiffs at this time, and can only be ascertained through appropriate discovery. Plaintiffs believe that there are twelve thousand nine-hundred and forty-five (12,945) members in the proposed class such that the disposition of the individual claims of the respective Class Members through

this class action will benefit both the parties and this Court and will facilitate judicial economy.

40. <u>Ascertainability</u>:  The class is ascertainable because, on information and belief, each class member who received arrest warrant collection letters and arrest warrant robo calls from Defendants, are kept and stored in a detailed electronic database and records.

41. <u>Typicality</u>:  Plaintiffs' claims are typical of the claims of the members of the class. The claims of Plaintiffs' and the members of the class are based on the same legal theories and arise from the same conduct. As such, the claims of Plaintiffs and the class rise and fall together and are typical of one another.

42. <u>Common Questions of Fact and Law Predominate</u>:  Judicial determination of the common legal and factual issues essential to this case would be far more efficient and economical as a class action than in piecemeal individual determinations. There is no plain, speedy or adequate remedy other than by maintenance of this lawsuit as a class action due to the amount of individuals who received warrant letters and warrant robo calls, making it economically infeasible for class members to pursue remedies individually. The prosecution of separate actions by individual members of the class, even if theoretically possible, would create a risk of inconsistent or varying adjudications with respect to the individual class members against Defendants and would establish incompatible standards of conduct for the Defendants. There are numerous questions of law or fact common to all class members including, but not limited to:

     a.  Whether Defendants engaged in a deceptive trade practice;

     b.  Whether Defendants acted negligently when they drafted and disseminated arrest warrant collection letters;

     c.  Whether Defendants acted negligently, or with deliberate indifference, when they drafted and disseminated arrest warrant collection letters;

d.  Whether Defendants acted negligently when they disseminated arrest warrant robo calls;

e.  Whether Defendants acted negligently, or with deliberate indifference, when they disseminated arrest warrant robo calls;

f.  Whether Defendants acted in an intentional, willful or wanton manner justifying an award of punitive damages.

These questions are susceptible to a common answer. These questions and other like them predominate over individual issues. The same evidence needed to prove Plaintiffs' individual claims will be used to prove the claims of all class members.

43.  <u>Adequacy of Representation</u>:  Plaintiffs are adequate representatives of the class because their interests do not conflict with the interests of the Members of the class. Plaintiffs will fairly, adequately, and vigorously represent and protect the interests of the members of the class and have no interests antagonistic to the members of the class. Plaintiffs have retained counsel who is competent and experienced in class action litigation. Plaintiffs' attorney has the resources, expertise and experience to prosecute this action, and do not have knowledge of any conflicts among the members of Plaintiffs' class, or any conflicts between the class and Plaintiffs' attorney. Plaintiffs have no interest adverse to the interests of other members of the class and will fairly and adequately protect the interests of the class. Plaintiffs' have retained counsel experienced and competent in the prosecution of class actions and complex litigation.

44.  <u>Superiority</u>:  The class action is superior to other available methods for the fair and efficient adjudication of this controversy because: (a) the prosecution of a multitude of separate actions would be inefficient and wasteful of judicial resources; (b) the members of the class may be scattered throughout the United States and are not likely to be able to vindicate and enforce their rights unless this action is maintained as a class action; (c) the issues raised can be more fairly and efficiently resolved in the context of a single action rather than piece-meal litigation in the context of separate

actions; (d) the resolution of litigation in a single forum will avoid the danger and resultant confusion of possible inconsistent determinations; (e) the prosecution of separate actions would create the risk of inconsistent or varying adjudications with respect to individuals pursuing claims against Defendant, which would establish incompatible standards of conducts for Defendants; (f) Defendants have acted and will act on grounds applicable to all class members; (g) Individual class members credit monitoring claims are large and the expense and burden of induvial litigation makes it impossible for class members individually to redress the wrongs done to them; and (h) questions of law and/or fact common to members of the class, especially on the issue of liability, predominate over any question, such as that of individuals damages that will affect individual class members.

## VI.

### CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

#### Negligence
Against All Defendants

45.    Plaintiffs hereby incorporate by reference all of the allegations set forth above as though fully set forth hereafter.

46.    Defendants owed Plaintiffs a duty of care to not engage in a deceptive trade practice as a collection company and properly notify Plaintiffs that Defendants were not the Las Vegas Justice.

47.    Defendants breached their duty of care by:

   a.    Falsely representing in writing that Defendants were the Las Vegas Justice Court (see Exhibit "1").

   b.    Falsely representing by the use of a robo call that Defendants were the Las Vegas Justice Court.

11

     c.  Falsely representing in writing that an arrest warrant had been issued against Plaintiffs by the Las Vegas Justice Court (see Exhibit "1").

     d.  Falsely representing by the use of a robo call that an arrest warrant had been issued against Plaintiffs by the Las Vegas Justice Court.

48.  Defendants owed Plaintiffs a duty of care to not engage in a deceptive trade practice as a collection company and properly inform Plaintiffs that there was not a warrant issued for their arrest by the Las Vegas Justice Court.

49.  Defendants breached their duty of care by:

     a.  Falsely representing in writing that an arrest warrant had been issued against Plaintiffs by the Las Vegas Justice Court (see Exhibit "1").

     b.  Falsely representing by the use of a robo call that an arrest warrant had been issued against Plaintiffs by the Las Vegas Justice Court.

50.  As a direct and proximate result of the acts and/or omissions of the Defendants, the Plaintiffs have suffered emotional distress.

51.  As a direct and proximate result of the acts and/or omissions of the Defendants, the Plaintiffs have sustained emotional damages in an amount to be determined by this Court.

52.  As a direct and proximate result of the acts and/or omissions of the Defendants, the Plaintiffs have sustained damage to their credit score.

53.  As a direct and proximate result of the Defendants' negligence per se, the Plaintiffs and the putative class members seek, as a remedy all available relief, and equitable relief in the form of the establishment of a court supervised credit monitoring program for credit monitoring for all class members at the expense of Defendants.

54.  The equitable remedy of credit monitoring is appropriate equitable relief for the Defendants' conduct since the prospective credit monitoring would have been completely unnecessary but for the defendants' negligent, deceptive and reckless conduct described herein.

55.   As a direct and proximate result of all the foregoing and as a result of the acts and/or omissions of the Defendants, the Plaintiffs have sustained damage in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

56.   It has been necessary for Plaintiffs to retain the services of LAW OFFICE OF SCOTT M. HOLPER to represent them and to bring this action, and Plaintiffs are entitled to recover attorney's fees and costs incurred herein.

## SECOND CLAIM FOR RELIEF

### Negligent Infliction of Emotional Distress
Against All Defendants

57.   Plaintiffs hereby incorporate by reference all of the allegations set forth above as though fully set forth hereafter.

58.   Defendants owed Plaintiffs a duty of care to not engage in a deceptive trade practice as a collection company and properly notify Plaintiffs that Defendants were not the Las Vegas Justice (see Exhibit "1").

59.   Defendants breached their duty of care by:

   a.   Falsely representing in writing that Defendants were the Las Vegas Justice Court (see Exhibit "1").

   b.   Falsely representing by the use of a robo call that Defendants were the Las Vegas Justice Court (see Exhibit "1").

   c.   Falsely representing in writing that a warrant had been issued against Plaintiffs by the Las Vegas Justice Court (see Exhibit "1").

   d.   Falsely representing by the use of a robo call that an arrest warrant had been issued against Plaintiffs by the Las Vegas Justice Court.

60.   Defendants owed Plaintiffs a duty of care to not engage in a deceptive trade practice as a collection company and properly inform Plaintiffs that there was not an arrest warrant issued for their arrest by the Las Vegas Justice Court.

61.   Defendants breached their duty of care by:

a.  Falsely representing in writing that an arrest warrant had been issued against Plaintiffs by the Las Vegas Justice Court (see Exhibit "1").

b.  Falsely representing by the use of a robo call that an arrest warrant had been issued against Plaintiffs by the Las Vegas Justice Court.

62.  That each Plaintiff and all of those similarly situated received deceptive letters and/or deceptive robo calls from Defendants which informed each recipient that an arrest warrant was issued by the Las Vegas Justice Court.

63.  That the acts and/or omissions of the Defendants as described herein, constitute negligent infliction of emotional distress and the Plaintiffs and those similarly situated have suffered emotional distress as a direct and proximate result of the actions described hereinabove.

64.  That it was reasonably foreseeable to the Defendants under the facts and circumstances of this case, that Defendants deceptive trade practice of informing Plaintiffs that an arrest warrant was issued against them by the Las Vegas Justice Court would cause Plaintiffs and those similarly situated to suffer emotional distress.

65.  That as a result of the negligent infliction of emotional distress identified hereinabove, Plaintiffs and those similarly situated have been directly and proximately damaged.

66.  As a direct and proximate result of the acts and/or omissions of the Defendants, the Plaintiffs have sustained emotional damages in an amount to be determined by this Court.

67.  As a direct and proximate result of the acts and/or omissions of the Defendants, the Plaintiffs have sustained damage to their credit score.

68.  As a direct and proximate result of the Defendants' negligence per se, the Plaintiffs and the putative class members seek, as a remedy all available relief, and equitable relief in the form of the establishment of a court supervised credit monitoring program for credit monitoring for all class members at the expense of Defendants.

14

69.   The equitable remedy of credit monitoring is appropriate equitable relief for the Defendants' conduct since the prospective credit monitoring would have been completely unnecessary but for the defendants' negligent, deceptive and reckless conduct described herein.

70.   That the aforementioned acts were conducted in a wanton, willful and deceptive, manner, with conscious disregard for Plaintiffs' rights and the rights of those similarly situated. The acts of Defendants and each of them should be assessed punitive or exemplary damages.

71.   That Plaintiffs and those similarly situated have been forced to retain the services of an attorney and to represent them in this action, and as such are entitled to reasonable attorney's fee and litigation costs.

## THIRD CLAIM FOR RELIEF

### VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT
Against All Defendants

72.   Plaintiffs hereby incorporate by reference all of the allegations set forth above as though fully set forth hereafter.

73.   Pursuant to NRS 649.020, Defendant HARRIS & HARRIS, LTD. is considered a third-party collection agency.

74.   As a third-party collection agency, Defendant HARRIS & HARRIS, LTD. may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

75.   Defendant HARRIS & HARRIS, LTD. mailed collection letters to Plaintiffs advising each Plaintiff that "a warrant has been issued against you and unless you resolve this balance in full, you are subject to arrest if you are stopped by law enforcement for any reason" (see Exhibit "1").

76.   Defendant HARRIS & HARRIS, LTD. used a robo call to make five-hundred seventy-one (571) calls to contact Plaintiffs in which the recorded message indicated

that "a warrant has been issued against you and unless you resolve this balance in full, you are subject to arrest if you are stopped by law enforcement for any reason."

77.    The Las Vegas Justice Court never issued any arrest warrant to any Plaintiff who received Defendant HARRIS & HARRIS, LTD.'s. collection letter and/or robo call. represented and/or implicated in writing by Defendant HARRIS & HARRIS, LTD. to the Plaintiffs.

78.    The nonpayment of debt to HARRIS & HARRIS, LTD., as referenced in Defendants' collection letters and/or robo calls would never result in the arrest or imprisonment of Plaintiffs.

79.    That the acts and/or omissions of the Defendants as described herein, constitute violation of the Fair Debt Collection Practices Act and the Plaintiffs and those similarly situated have suffered emotional distress as a direct and proximate result of the actions described hereinabove.

80.    As a direct and proximate result of the acts and/or omissions of the Defendants, the Plaintiffs have sustained emotional damages in an amount to be determined by this Court.

81.    As a direct and proximate result of the acts and/or omissions of the Defendants, the Plaintiffs have sustained damage to their credit score.

82.    As a direct and proximate result of the Defendants' conduct, the Plaintiffs and the putative class members seek, as a remedy all available relief, and equitable relief in the form of the establishment of a court supervised credit monitoring program for credit monitoring for all class members at the expense of Defendants.

83.    The equitable remedy of credit monitoring is appropriate equitable relief for the Defendants' conduct since the prospective credit monitoring would have been completely unnecessary but for the defendants' violation of the Fair Debt Collection Practices Act.

84.    That the aforementioned acts were conducted in a wanton, willful and deceptive manner in violation of the Fair Debt Collection Practices Act and done with conscious disregard for Plaintiffs' rights and the rights of those similarly situated. The

16

1    acts of Defendants and each of them should be assessed punitive or exemplary damages.

2        85.   That Plaintiffs and those similarly situated have been forced to retain the

3    services of an attorney and to represent them in this action, and as such are entitled to

4    reasonable attorney's fee and litigation costs.

5

6    **FOURTH CLAIM FOR RELIEF**

7    **DECEPTIVE TRADE PRACTICE**
     Against All Defendants
8

9        86.   Plaintiffs hereby incorporate by reference all of the allegations set forth above

10   as though fully set forth hereafter.

11       87.   Pursuant to NRS 649.020, Defendant HARRIS & HARRIS, LTD., is considered

12   a third-party collection agency.

13       88.   As a third-party collection agency, Defendant HARRIS & HARRIS, LTD., may

14   not engage in a deceptive trade practice by using any false, deceptive, or misleading

15   representation or means in connection with the collection of any debt.

16       89.   Defendant HARRIS & HARRIS, LTD., mailed collection letters to Plaintiffs

17   advising each Plaintiff that "a warrant has been issued against you and unless you resolve this

18   balance in full, you are subject to arrest if you are stopped by law enforcement for any reason"

19   (see Exhibit "1").

20       90.   Defendant HARRIS & HARRIS, LTD., used a robo call to contact Plaintiffs in

21   which the recorded message indicated that "a warrant has been issued against you and unless

22   you resolve this balance in full, you are subject to arrest if you are stopped by law enforcement

23   for any reason."

24       91.   The Las Vegas Justice Court never issued any arrest warrant to any Plaintiff

25   who received Defendant HARRIS & HARRIS, LTD's. collection letter and/or robo call.

26   represented and/or implicated in writing by Defendant HARRIS & HARRIS, LTD. to the

27   Plaintiffs.

28       92.   The nonpayment of debt to HARRIS & HARRIS, LTD. as referenced in

17

Defendants' collection letters and/or robo calls would never result in the arrest or imprisonment of Plaintiffs.

93.    That the acts and/or omissions of the Defendants as described herein, constitute a deceptive trade practice and the Plaintiffs and those similarly situated have suffered emotional distress as a direct and proximate result of the actions described hereinabove.

94.    As a direct and proximate result of the acts and/or omissions of the Defendants, the Plaintiffs have sustained emotional damages in an amount to be determined by this Court.

95.    As a direct and proximate result of the acts and/or omissions of the Defendants, the Plaintiffs have sustained damage to their credit score.

96.    As a direct and proximate result of the Defendants' conduct, the Plaintiffs and the putative class members seek, as a remedy all available relief, and equitable relief in the form of the establishment of a court supervised credit monitoring program for credit monitoring for all Class Members at the expense of Defendants.

97.    The equitable remedy of credit monitoring is appropriate equitable relief for the Defendants' conduct since the prospective credit monitoring would have been completely unnecessary but for the defendants' violation of the Fair Debt Collection Practices Act.

98.    That the aforementioned acts were conducted in a wanton, willful and deceptive manner which constitutes a deceptive trade practice and done with conscious disregard for Plaintiffs' rights and the rights of those similarly situated. The acts of Defendants and each of them should be assessed punitive or exemplary damages.

99.    That Plaintiffs and those similarly situated have been forced to retain the services of an attorney and to represent them in this action, and as such are entitled to reasonable attorney's fee and litigation costs.

## FIFTH CLAIM FOR RELIEF

### HARRASSMENT OR ABUSE
Against All Defendants

100.    Plaintiffs hereby incorporate by reference all of the allegations set forth

18

above as though fully set forth hereafter.

101.    Pursuant to §806 of the Fair Debt Collection Practices Act, a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

1.    The use or threat of use of violence or other criminal means to harm the physical person, reputation, or property of any person.
2.    The use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader.
3.    The publication of a consumers list of consumers who allegedly refuse to pay debts, except to a consumer reporting agency or to persons meeting the requirements of §1681a(f) or 1681b(3) of this title.
4.    The advertisement for sale of any debt to coerce payment of the debt.
5.    Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.
6.    Except as provided in §1692b, the placement of telephone calls without meaningful disclosure of the caller's identity.

102.    Defendant HARRIS & HARRIS, LTD. is considered a third-party collection agency.

103.    As a third-party collection agency, Defendant HARRIS & HARRIS, LTD., may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

104.    Defendant HARRIS & HARRIS, LTD., mailed collection letters to Plaintiffs advising each Plaintiff that "a warrant has been issued against you and unless you resolve this balance in full, you are subject to arrest if you are stopped by law enforcement for any reason" (see Exhibit "1").

105.    Defendant HARRIS & HARRIS, LTD., used a robo call to place five-hundred seventy-one (571) phone calls to Plaintiffs in which the recorded message indicated that "a warrant has been issued against you and unless you resolve this balance in full, you are subject to arrest if you are stopped by law enforcement for any reason."

106.    The nonpayment of debt to HARRIS & HARRIS, LTD., as referenced in

19

1  Defendants' collection letters and/or robo calls would never result in the arrest or imprisonment

2  of Plaintiffs.

3     107.    That the acts and/or omissions of the Defendants as described herein,

4  constitute harassment or abuse and the Plaintiffs and those similarly situated have suffered

5  emotional distress as a direct and proximate result of the actions described hereinabove.

6     108.    As a direct and proximate result of the acts and/or omissions of the

7  Defendants, the Plaintiffs have sustained emotional damages in an amount to be determined by

8  this Court.

9     109.    As a direct and proximate result of the acts and/or omissions of the

10  Defendants, the Plaintiffs have sustained damage to their credit score.

11     110.    As a direct and proximate result of the Defendants' conduct, the Plaintiffs and

12  the putative class members seek, as a remedy all available relief, and equitable relief in the

13  form of the establishment of a court supervised credit monitoring program for credit monitoring

14  for all class members at the expense of Defendants.

15     111.    The equitable remedy of credit monitoring is appropriate equitable relief for

16  the Defendants' conduct since the prospective credit monitoring would have been completely

17  unnecessary but for the defendants' violation of the Fair Debt Collection Practices Act.

18     112.    That the aforementioned acts were conducted in a wanton, willful and

19  deceptive manner which constitutes a deceptive trade practice, harassing, abusive and done

20  with conscious disregard for Plaintiffs' rights and the rights of those similarly situated.

21     113.    The acts of Defendants and each of them should be assessed punitive or

22  exemplary damages.

23     114.    That Plaintiffs and those similarly situated have been forced to retain the

24  services of an attorney and to represent them in this action, and as such are entitled to

25  reasonable attorney's fee and litigation costs.

26  . . .

27  . . .

28  . . .

## SIXTH CLAIM FOR RELIEF

### FALSE OR MISLEADING REPRESENTATIONS
Against All Defendants

115.     Plaintiffs hereby incorporate by reference all of the allegations set forth above as though fully set forth hereafter.

116.     Pursuant to §807 of the Fair Debt Collection Practices Act, A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following is a violation:

1. The False representation or implication that the debt collector is vouched for, bonded by, or affiliated with the United State or any State, including the use of any badge, uniform, or facsimile thereof.
2. The false representation of:
   i.   the character, amount, or legal status of any debt; or
   ii.  any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.
3. The false representation or implication that any individual is an attorney or that any communication is from an attorney.
4. The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.
5. The threat to take any action that cannot legally be taken or that is not intended to be taken.
6. The false representation or implication that a sale, referral, or other transfer of any interest in a debt shall cause the consumer to:
   A.  lose any claim or defense to payment of the debt; or
   B.  become subject to any practice prohibited by this subchapter.
7. The false representation or implication that the consumer committed any crime or other conduct in order to disgrace the consumer.
8. Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.
9. The use or distribution of any written communication which simulates or is falsely represented to be a document authorized, issued, or approved by any court, official, or agency of the United States or any State, or which creates a false impression as to its source, authorization, or approval.
10. The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

11. The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

12. The false representation or implication that accounts have been turned over to innocent purchasers for value.

13. The false representation or implication that documents are legal process.

14. The use of any business, company, or organization name other that the true name of the debt collector's business, company, or organization.

15. The false representation or implication that documents are not legal process forms or do not require action by the consumer.

16. The false representation or implication that a debt collector operates or is employed by a consumer reporting agency as defined by §1681a(f).

117.    Defendant HARRIS & HARRIS, LTD. is considered a third-party collection agency.

118.    As a third-party collection agency, Defendant HARRIS & HARRIS, LTD., may not make any false or misleading representations in connection with the collection of a debt.

119.    Defendant HARRIS & HARRIS, LTD. mailed collection letters to Plaintiffs advising each Plaintiff that "a warrant has been issued against you and unless you resolve this balance in full, you are subject to arrest if you are stopped by law enforcement for any reason" (see Exhibit "1").

120.    The collection letters to Plaintiffs advising each Plaintiff that "a warrant has been issued against you and unless you resolve this balance in full, you are subject to arrest if you are stopped by law enforcement for any reason," are made to appear as if the letter is from the Las Vegas Justice Court (see Exhibit "1").

121.    Defendant HARRIS & HARRIS, LTD. used a robo call to place five-hundred seventy-one (571) phone calls to Plaintiffs in which the recorded message indicated that "a warrant has been issued against you and unless you resolve this balance in full, you are subject to arrest if you are stopped by law enforcement for any reason."

122.    The robo calls to Plaintiffs advising each Plaintiff that "a warrant has

22

been issued against you and unless you resolve this balance in full, you are subject to arrest if you are stopped by law enforcement for any reason," are made to appear as if the robo call is from the Las Vegas Justice Court.

123.     The nonpayment of debt to HARRIS & HARRIS, LTD., as referenced in Defendants' collection letters and/or robo calls would never result in the arrest or imprisonment of Plaintiffs.

124.     That the acts and/or omissions of the Defendants as described herein, constitute harassment or abuse and the Plaintiffs and those similarly situated have suffered emotional distress as a direct and proximate result of the actions described hereinabove.

125.     As a direct and proximate result of the acts and/or omissions of the Defendants, the Plaintiffs have sustained emotional damages in an amount to be determined by this Court.

126.     As a direct and proximate result of the acts and/or omissions of the Defendants, the Plaintiffs have sustained damage to their credit score.

127.     As a direct and proximate result of the Defendants' conduct, the Plaintiffs and the putative class members seek, as a remedy all available relief, and equitable relief in the form of the establishment of a court supervised credit monitoring program for credit monitoring for all class members at the expense of Defendants.

128.     The equitable remedy of credit monitoring is appropriate equitable relief for the Defendants' conduct since the prospective credit monitoring would have been completely unnecessary but for the Defendants' violation of the Fair Debt Collection Practices Act.

129.     That the aforementioned false and misleading representations made by Defendant HARRIS & HARRIS, LTD. to Plaintiffs were conducted in a wanton, willful and deceptive manner which constitutes a deceptive trade practice, harassing, abusive and done with conscious disregard for Plaintiffs' rights and the rights of those similarly situated.

130.     The acts of Defendants and each of them should be assessed punitive or or exemplary damages.

131.     That Plaintiffs and those similarly situated have been forced to retain the

services of an attorney and to represent them in this action, and as such are entitled to reasonable attorney's fee and litigation costs.

## <u>SEVENTH CLAIM FOR RELIEF</u>

**UNFAIR PRACTICES**
Against All Defendants

132.　　Plaintiffs hereby incorporate by reference all of the allegations set forth above as though fully set forth hereafter.

133.　　Pursuant to §808 of the Fair Debt Collection Practices Act, a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation if this section:

1. The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.
2. The acceptance by a debt collector from any person of a check or other payment instrument postdated by more than five days unless such person is notified in writing of the debt collector's intent to deposit such check or instrument not more than ten nor less than three business days prior to such deposit.
3. The solicitation by a debt collector of any postdated check or other postdated payment instrument for the purpose of threatening or instituting criminal prosecution.
4. Depositing or threatening to deposit any postdate check or other postdated payment instrument prior to the date on such check or instrument.
5. Causing charges to be made to any person for communications by concealment of the true purpose of the communication. Such charges include, but are not limited to, collect telephone calls and telegram fees.
6. Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if:
   1. there is no right to possession of the property claimed as collateral through an enforceable security interest;
   2. there is no present intention to take possession of the property; or
   3. the property is exempt by law from such dispossession or disablement.
7. Communicating with a consumer regarding a debt by post card.

24

8. Using any language or symbol, other that the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

134.    Defendant HARRIS & HARRIS, LTD. is considered a third-party collection agency.

135.    As a third-party collection agency, Defendant HARRIS & HARRIS, LTD., may not use unfair or unconscionable means to collect or attempt to collect any debt.

136.    Defendant HARRIS & HARRIS, LTD. mailed collection letters to Plaintiffs advising each Plaintiff that "a warrant has been issued against you and unless you resolve this balance in full, you are subject to arrest if you are stopped by law enforcement for any reason" (see Exhibit "1").

137.    The collection letters to Plaintiffs advising each Plaintiff that "a warrant has been issued against you and unless you resolve this balance in full, you are subject to arrest if you are stopped by law enforcement for any reason," are made to appear as if the letter is from the Las Vegas Justice Court. (see Exhibit "1").

138.    Defendant HARRIS & HARRIS, LTD. used a robo call to place five-hundred seventy-one (571) phone calls to Plaintiffs in which the recorded message indicated that "a warrant has been issued against you and unless you resolve this balance in full, you are subject to arrest if you are stopped by law enforcement for any reason."

139.    The robo calls to Plaintiffs advising each Plaintiff that "a warrant has been issued against you and unless you resolve this balance in full, you are subject to arrest if you are stopped by law enforcement for any reason," are made to appear as if the robo call is from the Las Vegas Justice Court.

140.    The nonpayment of debt to HARRIS & HARRIS, LTD., as referenced in Defendants' collection letters and/or robo calls would never result in the arrest or imprisonment of Plaintiffs.

141.    That the acts and/or omissions of the Defendants as described herein,

constitute unfair or unconscionable means to collect a debt against Plaintiffs and those similarly situated have suffered emotional distress as a direct and proximate result of the actions described hereinabove.

142.    As a direct and proximate result of the acts and/or omissions of the Defendants, the Plaintiffs have sustained emotional damages in an amount to be determined by this Court.

143.    As a direct and proximate result of the acts and/or omissions of the Defendants, the Plaintiffs have sustained damage to their credit score.

144.    As a direct and proximate result of the Defendants' conduct, the Plaintiffs and the putative class members seek, as a remedy all available relief, and equitable relief in the form of the establishment of a court supervised credit monitoring program for credit monitoring for all class members at the expense of Defendants.

145.    The equitable remedy of credit monitoring is appropriate equitable relief for the Defendants' conduct since the prospective credit monitoring would have been completely unnecessary but for the defendants' violation of the Fair Debt Collection Practices Act.

146.    That the aforementioned false and misleading representations made by Defendant HARRIS & HARRIS, LTD. to Plaintiffs were conducted in a wanton, willful, and Deceptive, unfair and or unconscionable manner and done with conscious disregard for Plaintiffs' rights and the rights of those similarly situated.

147.    The acts of Defendants and each of them should be assessed punitive or exemplary damages.

148.    That Plaintiffs and those similarly situated have been forced to retain the services of an attorney and to represent them in this action, and as such are entitled to reasonable attorney's fee and litigation costs.

. . .

. . .

. . .

. . .

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs and those similarly situated pray for relief and damages as follows:

A.  That the Court determine this action is a proper class action and appoint Plaintiffs as representatives of the Class under Rule 23 of the Federal Rules of Civil Procedure;

B.  For declaratory and equitable relief in the form of establishment of a court supervised credit monitoring program for all Class Members at the Defendants' expense, in excess of $15,000.00;

C.  That Plaintiffs and the Plaintiffs Class be awarded reasonable attorney's fees and be awarded their costs of court;

D.  That Plaintiffs receive all remedies available to them under State and Federal Fair Debt Collection Practices Acts that the Court deems just and proper;

E.  That Plaintiffs and the Plaintiffs Class be awarded punitive damages;

F.  All such other and further relief as this Court deems just and proper under the circumstances, including, without limitation, post-judgment attorney's fees and costs.

DATED this 12<u>th</u> day of April 2024.

LAW OFFICES OF SCOTT M. HOLPER

By: /s/ Scott M. Holper, Esq.
SCOTT M. HOLPER, ESQ.
Nevada Bar No. 9587
3175 S. Nellis Blvd., Ste. A
Las Vegas, Nevada 89121
Attorney for Plaintiffs

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT "1"

**LAS VEGAS JUSTICE COURT**
PHONE: (844)457-9630



**HOURS OF OPERATION (PST):**
MONDAY - THURSDAY: 8AM - 4PM
FRIDAY: 8:30AM - 3PM

| | |
|---|---|
| History Number: | 5233656 |
| Case Number: | X02563018 |
| Current Amount Due: | $298.00 |

February 22, 2022

Dear Hunter Michael Church:

You have failed to respond to a Misdemeanor Citation issued against you by either failing to pay the associated fine by your appearance date or by failing to appear in Court as required. Accordingly, a warrant has been issued against you and unless you resolve this balance in full, you are subject to arrest if you are stopped by law enforcement for any reason. Please also note that your driving privileges may be suspended in any State, or you may not be able to obtain a driver's license while this debt remains outstanding.

If paying by mail, please use the payment stub below. Do not send cash. Please otherwise note that this Court accepts Money Orders, Visa, MasterCard, MoneyGram, and Western Union. Payments can be made in person at the LAS VEGAS JUSTICE COURT, 200 Lewis Ave., 1st floor, Las Vegas. NV 89101.

Thank you for your prompt response.