UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| HUNTER CHURCH, et. al.,<br><br>    Plaintiffs<br><br>v.<br><br>HARRIS & HARRIS, LTD.,<br><br>    Defendant | Case No.: 2:24-cv-00517-APG-MDC<br><br>**Order Granting Defendant's Motion to Dismiss**<br><br>[ECF No. 17] |

    Plaintiffs Hunter Church, Islas Aguilar, Ludwig Laudencia, Jeremy Gyron, and Jessica Beltran sue defendant Harris & Harris, Ltd. alleging unlawful debt collection practices based on letters and robocalls the plaintiffs received.  The plaintiffs bring these claims on their own behalf and as representatives of a putative class who received similar letters and robocalls.  Harris moves to dismiss the claims, arguing that the traffic fines which underlie the plaintiffs' claims are not covered by the applicable state and federal statutes and the plaintiffs fail to state a claim for negligence.  The plaintiffs argue that prior cases excluding traffic fines as "debts" were incorrectly decided.  For the reasons below, I grant Harris's motion to dismiss, and I allow the plaintiffs leave to amend their negligence claim only.

**I. BACKGROUND**

    Harris & Harris, Ltd. is a third-party debt collector with its principal place of business in Illinois.[1]  The plaintiffs are Nevada residents who received letters and recorded phone calls from Harris seeking to collect unpaid fines related to misdemeanor citations.  The letters appeared to be from the Las Vegas Justice Court and warned recipients, "a warrant has been issued against

---

[1] All factual allegations are from the first amended complaint (ECF No. 14), which I take as true when considering a motion to dismiss.

you and unless you resolve this balance in full, you are subject to arrest if you are stopped by law enforcement for any reason." ECF No. 14 at 29.  The phone number listed below the Las Vegas Justice Court heading was for a line controlled by Harris.  The defendants allege that Harris sent out 12,374 letters with this language despite Las Vegas Justice Court instructing Harris to cease sending such letters.  They also allege that Harris knew the Las Vegas Justice Court had not issued any bench warrants for any of these letters' recipients.

The plaintiffs allege that Harris also made recorded phone messages or robocalls, which warned recipients, "a warrant has been issued against you and unless you resolve this balance in full, you are subject to arrest if you are stopped by law enforcement for any reason." *Id.* at 6-7. Harris made 571 of these robocalls.  The plaintiffs claim that receiving these letters and robocalls caused them emotional distress and damaged their credit ratings.  They assert claims on their own behalf and on behalf of a class of at least 12,945 similarly situated individuals who received calls and/or letters.

**II. DISCUSSION**

In considering a motion to dismiss, I take all well-pleaded allegations of material fact as true and construe the allegations in a light most favorable to the non-moving party. *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1096 (9th Cir. 2017).  However, I do not assume the truth of legal conclusions merely because they are cast in the form of factual allegations. *Navajo Nation v. Dep't of the Interior*, 876 F.3d 1144, 1163 (9th Cir. 2017).  A plaintiff must also make sufficient factual allegations to establish a plausible entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  A claim is facially plausible when the complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  When the claims have not

crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570.

### A. FDCPA (Counts 3, 5, 6, and 7)

The Fair Debt Collection Practices Act (FDCPA) provides consumers a cause of action to sue debt collectors who fail to comply with the statute. 15 U.S.C. § 1692k(a). The act defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes . . . ." *Id.* § 1692a(5). Although the FDCPA does not define "transaction," the Ninth Circuit has stated that "the statute is limited in its reach to those obligations to pay arising from consensual transactions, where parties negotiate or contract for consumer-related goods or services." *Turner v. Cook*, 362 F.3d 1219, 1227 (9th Cir. 2004) (quotation omitted). In *Turner*, efforts to collect a tort judgment for a fraudulent conveyance were not covered by the FDCPA because the plaintiff's "underlying obligation to pay . . . did not arise out of a consumer transaction, and hence is not a 'debt'" within the FDCPA's meaning. *Id.* at 1228. Municipal fines levied against a property owner are similarly not debts under the FDCPA. *Gulley v. Markoff & Krasny*, 664 F.3d 1073, 1075 (7th Cir. 2011). Other district courts in the Ninth Circuit have applied this rationale to hold that traffic fines are not covered "debts." *See Herrera v. AllianceOne Receivable Mgmt., Inc.*, No. 14cv1844 BTM (WVG), 2015 WL 3796123, at *7 (S.D. Cal. June 18, 2015); *Calderon v. Dynamic Collectors, Inc.*, No. C17-5321RBL, 2017 WL 2806858, at *2 (W.D. Wash. June 29, 2017).

The plaintiffs acknowledge this contrary precedent but argue that because cars are indispensable, driving a car is a consumer use, and the process of obtaining a driver's license is a

transaction with the state. Although purchasing a vehicle may be a consumer transaction, incurring a citation while driving one is not. I am bound by *Turner*, and I am persuaded by the cases applying it to exclude traffic fines as "debts" under the FDCPA. Because the fines at issue in this case are not covered by that statute as a matter of law, amendment would be futile. *Sanchez v. Los Angeles Dep't of Transp.*, 39 F.4th 548, 562 (9th Cir. 2022) ("A district court may dismiss a complaint without leave to amend if the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." (quotation omitted)). I therefore dismiss the plaintiffs' FDCPA claims with prejudice.

### B. State Law Claims

#### 1. Deceptive Trade Practice (Count 4)

Harris argues that Nevada Revised Statutes (NRS) chapter 598, also called the Nevada Deceptive Trade Practices Act (NDTPA), only applies to goods and services, and traffic fines are not goods or services. Harris also argues there is no private right of action against a collection agency. The plaintiffs do not respond to these arguments.

"The failure of an opposing party to file points and authorities in response to [a motion to dismiss] . . . constitutes a consent to the granting of the motion." LR 7-2(d). Therefore, I may construe the plaintiff's nonresponse to this portion of Harris's motion to dismiss as consent to my granting it. Regardless, the plaintiffs' claim fails on its merits because the NDTPA does not apply to Harris's actions.

"Courts in this District hold that the NDTPA does not apply to debt collection." *Goldsmith v. Aargon Agency, Inc.*, No. 2:16-cv-02066-GMN-NJK, 2018 WL 1567848, at *7 (D. Nev. Mar. 30, 2018); *Gage v. Cox Commc'ns, Inc.*, No. 2:16-cv-02708-KJD-GWF, 2017 WL 1536219, at *2 (D. Nev. Apr. 27, 2017); *Peatrowsky v. Persolve*, No. 2:12-cv-00935-JAD-VCF,

2014 WL 1215061, at *5 (D. Nev. Mar. 24, 2014). I therefore grant Harris's motion to dismiss the plaintiffs' claims under the NDTPA with prejudice.

### 2. Negligent Infliction of Emotional Distress (Count 2)

Harris argues that Nevada restricts recovery for negligent infliction of emotional distress (NIED) to bystanders of serious accidents. The plaintiffs do not respond to this argument. Again, I may construe the plaintiffs' nonresponse as consent to my granting Harris's motion to dismiss the plaintiffs' NIED claim under LR 7-2(d). However, this claim also fails on its merits because the plaintiffs are not bystanders to a physical accident. To bring a claim for NIED, a bystander who witnesses an accident must plausibly allege that "he or she (1) was located near the scene; (2) was emotionally injured by the contemporaneous sensory observance of the accident; and (3) was closely related to the victim." *Grotts v. Zahner*, 989 P.2d 415, 416 (Nev. 1999) (en banc). The plaintiffs have not alleged any of these elements, and because their claim does not involve physical injury I dismiss the NIED claim with prejudice.

### 3. Negligence (Count 1)

Harris argues that the plaintiffs' negligence claim should be dismissed because it fails to articulate a duty of care and because Nevada imposes no duty of care from a debt collector to debtors. The plaintiffs respond that Harris should be "held to the same duty of care a state court owes to persons regarding communication which may include language relating to the statuses of active warrants against persons with unpaid fines in the jurisdiction." ECF No. 19 at 5 (emphasis omitted). They argue that this duty is greater than a general duty owed to the public and analogous to the heightened duty prison officials owe to inmates.

In Nevada, pleading a claim for negligence requires plausibly alleging "(1) the existence of a duty of care, (2) breach of that duty, (3) legal causation, and (4) damages." *Sanchez ex rel.*

*Sanchez v. Wal-Mart Stores, Inc.*, 221 P.3d 1276, 1280 (Nev. 2012) (en banc).  The existence of a duty is a question of law for the court to resolve. *See Butler ex rel. Biller v. Bayer*, 168 P.3d 1055, 1063 (Nev. 2007) (en banc).

The plaintiffs have not plausibly alleged a legal duty of care that Harris breached.  The first amended complaint (FAC) alleges that Harris "owed Plaintiffs a duty of care to not engage in a deceptive trade practice as a collection company and properly inform Plaintiffs that there was not a warrant issued for their arrest by the Las Vegas Justice Court." ECF No. 14 at 12.  Harris allegedly breached this duty by falsely representing itself as the Las Vegas Justice Court and falsely representing that the court had issued warrants against the plaintiffs. *Id.* at 11-12.  However, as I noted in dismissing the plaintiffs' NDTPA claim, debt collectors are not covered by that Act, so it cannot be the source of the duty.  The plaintiffs' analogy to the State's duty of care for its prisoners is unpersuasive because there is no custodial relationship between the plaintiffs and Harris.  I thus dismiss the plaintiffs' negligence claim.

Harris argues that I should dismiss this claim with prejudice.  It cites to *Waldrop v. Green Tree Servicing, LLC* for the proposition that a lender and a loan servicer generally owe "no duty of care to a borrower when the lender's involvement in the loan transaction falls within the scope of its conventional role as a mere lender of money." No. 2:14-CV-2091 JCM (GWF), 2015 WL 5829879, at *5 (D. Nev. Oct. 5, 2015).  Harris argues that the same rule should apply to debt collectors and debtors.  But a loan transaction involves a contractual relationship that defines the parties' rights and responsibilities, while also providing a legal remedy through contract law.  There is no similar contractual relationship in this case and Harris is not a lender or a loan servicer, so *Waldrop* does not preclude the possibility that Harris owed the plaintiffs a duty.

Consequently, I grant the plaintiffs leave to amend if they are able to plausibly allege facts to show that Harris had a legal duty of care to the plaintiffs, which Harris breached.

If the plaintiffs choose to amend, I am not inclined to exercise supplemental jurisdiction over this claim under 28 U.S.C. § 1367(a) because I have dismissed the federal claims with prejudice. To remain in federal court, the plaintiffs must plausibly allege complete diversity and an amount in controversy exceeding $75,000 or minimal diversity and an amount in controversy over $5 million. 28 U.S.C. §§ 1332(a), (d)(2).

## III. CONCLUSION

I THEREFORE ORDER that defendant Harris & Harris, Ltd.'s motion to dismiss (**ECF No. 17**) is **GRANTED**. I dismiss the plaintiffs' claims with prejudice except their negligence claim, which I dismiss without prejudice. The plaintiffs may file an amend complaint by December 13, 2024. If they do not file an amended complaint by that date, I will instruct the clerk of court to close this case.

DATED this 21st day of November, 2024.

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE